1:CV-00-2184

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
ex rel
YONNIE BAILEY #46949-066, BOX 3000
U.S. PENITENTIARY, WHITE DEER, PA. 17887

NO. _____

Full name & prison number
(if any) of Petitioner

v.

JAKE MENDEZ, WARDEN USP ALLENWOOD
BOX 3500, WHITE DEER, PA. 17887

Name of Respondent

(PERSONS' IN FEDERAL CUSTODY)

PETITION FOR WRIT OF HABEAS CORPUS

Instructions - READ CAREFULLY

 1. In order for this petition to receive consideration by the District Court, it shall be in writing (legibly handwritten or typewritten), and the unsworn declaration signed by the petitioner. It shall set forth in concise form the answers to each applicable question. If necessary, petitioner may finish his answer to a particular question on the reverse side of the page or on an additional blank page. Petitioner shall make it clear to which question any such continued answer refers.

 2. Any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury. Petitioners should therefore exercise care to assure that all answers are true and correct.

 3. When the petition is completed, the original and three copies shall be mailed to the Clerk, United States District Court, Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pa. 18501.

If you are unable to pay the $5.00 filing fee for this action, you may petition the court to proceed in forma pauperis. Two blank petitions for this purpose are included in this packet. One copy should be filed with your complaint; the other copy is for your records.

FILED
SCRANTON
DEC 15 2000

PER _____ DEPUTY CLERK

1. Place of detention <u>USP Allenwood, Box 3000,White Deer.Pa.17887</u>

2. Name and location of court which imposed sentence <u>U.S. District Court,Eastern District Pa.,601 Market St.,Phil. Pa. 19106</u>

3. The indictment number or numbers (if known) upon which and the offense or offenses for which sentence was imposed:

   (a) <u>2:93CR003861</u>

   (b) <u>"</u>

   (c) <u>"</u>

4. The date upon which sentence was imposed and the terms of the sentence:

   (a) <u>March 8, 1994</u>

   (b) <u>"</u>

   (c) <u>"</u>

5. Check whether a finding of guilty was made

   (a) after a plea of guilty <u>Yes</u>

   (b) After a plea of not guilty <u>N/A</u>

   (c) after a plea of nolo contendere <u>N/A</u>

6. If you were found guilty after a plea of not guilty, check whether that finding was made by

   (a) a jury <u>N/A</u>

   (b) a judge without a jury <u>N/A</u>

7. Did you appeal from the judgment of conviction or the imposition of sentence?

   NO

-2-

8. If you answered "yes" to (7), list

   (a) the name of each court to which you appealed:

      i. N/A

      ii. N/A

      iii. N/A

   (b) the result in each such court to which appealed:

      i. N/A

      ii. N/A

      iii. N/A

   (c) the date of each such result:

      i. N/A

      ii. N/A

      iii. N/A

   (d) if known, citations of any written opinions or orders entered pursuant to such results:

      i. N/A

      ii. N/A

      iii. N/A

9. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:

   (a) THE BOP CONTINUES TO MAINTAIN A PENNSYLVANIA DETAINER AGAINST PETITIONER FROM THE PA. BOARD OF PROBATION AND PAROLE THAT SHOULD BE QUASHED DUE TO LACK OF JURISDICTION

   (b) THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE RELINQUISHED ITS JURISDICTION OVER PETITIONER'S PAROLE WHEN IT FAILED TO PROVIDE PETITIONER WITH A TIMELY PAROLE REVOCATION HEARING ACCORDING TO ITS RULES AND USAGE OF SUCH.

(c) N/A

10. State concisely and in the same order the facts which support each of the grounds set out in (9):

(a) DUE TO THE PAROLE DETAINER LODGED AGAINST PETITIONER ON 7-12-93, AND FAILURE OF THE BOARD OF PAROLE TO GIVE PETITIONER A HEARING HE RECEIVED AN ADDITION 7 CUSTODY POINTS AND IS SUBJECT TO POSSIBLE LENGTHIER INCARCERATION. THIS ALSO DENIES PETITIONER PARTICIPATION IN PROGRAMS IN THE BOP THAT WOULD POSSIBLY SHORTEN HIS INCARCERATION TIME.

(b) WHILE OUT ON PAROLE THE PETITIONER WAS REARRESTED ON JUNE 1, 1993, ON A FEDERAL ROBBERY CHARGE AND TRANSFERED TO THE PHILADELPHIA DETENTION CTR. IN PENNSYLVANIA COUNTY. PETITIONER REMAINED THERE 2 MONTHS AND WAS THEN MOVED 1 BLOCK TO
(Continued additional page)

(c) N/A

Additonal Page
No. 4a

10.(a) continued:

      Petitoner was unable to pursue an established administrative remedy of this problem. The Board of Probation and Parole has no established internal appeal process for challenging the legality of its detainers and failure to hold a revocation hearing in a timely manner. Only Parole decisions are appealable to the Pennsylvania Board of Probation and Parole. Thus this matter is ripe for judicial review by the U.S. District Court pursuant to 28 USC 2241.

10.(b) continued:

      to the Holmesburg County Jail where he remained until May 1994.

      While at the Holmesburg County Jail petitioner was visited by a Pennsylvania Parole Supervisor. He was at that time informed that he was in violation of his Pennsylvania Parole Case No. 7845-T on his 6½ to 15year sentence due to his conviction in federal court on the charge of robbery on September 9, 1993. The petitioner at that time signed a waiver dated January 13, 1994, to have his revocation hearing immediately before a single examiner instead of the full board. The hearing was scheduled for March 15, 1994. Pennsylvania Board members did not hold the scheduled hearing and did not reschedule it.

      In May 1994 petitioner was transfered from Holmesburg County Jail to the federal Correctional Institute in Fairton, New Jersey.

      Petitioner remains the subject of the state detainer due to the Board of Probation and Paroles' failure to hold his hearing in the prescribed time. The Pennsylvania Board of Probation and Parole failed to take action on this revocation hearing eventhough petitioner was held in state custody about three 3 months prior to his federal transfer and federal sentencing on March 8, 1994. The Board then in response to my inquiry made out a "request for Continuance" and dated it March 15, 1994, 8 days after my federal sentencing citing "client in federal prison". Petitioner remained in state custody until May 1994 after being sentenced on March 8, 1994 within the Boards jurisidiction.
      The Commonwealth of Pennsylvania Board of Probation and Parole lost its jurisdiction over this matter when the parole supervisor scheduled petitioner for a timely hearing and failed to hold said hearing despite petitioner being available within one block of their first meeting to arrange the hearing. No attempt was ever made by the parole examiner to visit petitioner on March 15, 1994 for the purpose of holding said scheduled hearing; and the Board offered no viable excuse for not doing so.

11. Have you filed previous petitions for habeas corpus motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction:

    YES

12. If you answered "yes" to (11), list with respect to each petition, motion or application

    (a) the specific nature thereof:

        i.   STATE PETITION FOR WRIT OF HABEAS CORPUS

        ii.  STATE WRIT OF MANDAMUS

        iii. STATE APPEAL OF DENIAL OF MANDAMUS W/O OPINION

    (b) the name and location of the court in which each was filed.

        i.   COMMONWEALTH COURT OF PENNSYLVANIA, HARRISBURG, PA 1710

        ii.  "

        iii. SUPREME COURT OF PA., MIDDLE DISTRICT, HARRISBURG, PA. 17108

    (c) the disposition thereof.

        i.   DISMISSED WITHOUT PREJUDICE

        ii.  DENIED W/O OPINION OR SHOW CAUSE TO RESPONDENT BOARD

        iii. DENIED W/O OPINION

    (d) the date of each such disposition:

        i.   JUNE 2, 1999

        ii.  SEPTEMBER 30, 1999

        iii. DECEMBER 13, 1999

-5-

(e) If known, citations of any written opinions or orders entered pursuant to each such disposition:

  i. ___NO. 0969 MD 1998_____

  ii. ___NO 104 MD 1999_____

  iii. ___NO 0239 1999_____

13. If you did not file a motion under Section 2255 of Title 28 United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

   (a)     TITLE 28 USC SECTION 2241 IS THE CORRECT MEANS OF CHALLENGING CONDITIONS AND LENGTH OF INCARCERATION IN THE FEDERAL COURT

   (b)     "

   (c)     "

14. Has any ground set forth in (9) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under Section 2255 of Title 28, United States Code, or any other petition, motion or application:

         NO

-6-

15. If you answered "yes" to (14), identify

   (a) which grounds have been previously presented:

   i. N/A

   ii. N/A

   iii. N/A

   (b) the proceedings in which each ground was raised:

   i. N/A

   ii. N/A

   iii. N/A

16. Were you represented by an attorney at any time during the course of

   (a) your arraignment and plea: YES

   (b) your trial, if any: N/A

   (c) your sentencing: YES

   (d) your appeal, if any, from the judgment of conviction or the imposition of sentence?

   NO

   (e) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed:
   NO

17. If you answered "yes" to one or more parts of (16), list

   (a) the name and address of each attorney who represented you:

   i. ROSSMAN THOMPSON, FEDERAL PUBLIC DEFENDER

      LAFAYETTE BUILDING, SUITE 800, CHESTNUT ST, PHIL., PA. 19106

-7-

ii. _____"_____

iii. _____"_____

(b) the proceedings at which each such attorney represented you:

i. _____ARRAIGNMENT ON FEDERAL ROBBERY CHARGE_____

ii. _____PLEA_____

iii _____SENTENCING_____

18. If you are seeking leave to proceed in forma pauperis, have you completed the unsworn declaration setting forth the required information (see instructions, page 1 of this form).

   YES

   Executed at  USP ALLENWOOD, WHITE DEER, PA. 17887
                Name of Institution, city, state

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on  12-8-80
                Date

                              _____
                              Signature of Petitioner
                              YONNIE BAILEY
                              #46949-066

-8-

(see instructions, page 1 of this form)

FORMA PAUPERIS DECLARATION

I, ___YONNIE BAILEY #46949-066___, do hereby certify that I am a citizen of the United States of America that because of my poverty I am unable to pay the costs of said suit or action; that I am unable to give security for the same: and that I believe I am entitled to the redress I seek in said suit or action.

I have in my prison account  $ 5.13

Executed at USP Allenwood, White Deer, PA.
              Name of Institution, City, and State

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __12-8-00__
                    Date

_____
Signature of Petitioner
YONNIE BAILEY

-9-