DMB:MEH:slg:2001V00181

**ORIGINAL**

FILED
HARRISBURG

MAR 1 4 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

YONNIE BAILEY,
    Petitioner

v.

JAKE MENDEZ, Warden,
    Respondent

Civil No. 1:CV-00-2184
(Judge Caldwell)

## RESPONSE TO HABEAS CORPUS PETITION

### I. Procedural History

On December 15, 2000, petitioner Yonnie Bailey, an inmate incarcerated at the United States Penitentiary Allenwood (USP-Allenwood) in White Deer, Pennsylvania filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Bailey claims that a Pennsylvania State detainer lodged against him should be removed.[1] Based on this invalid detainer, Bailey alleges that the Bureau of Prisons has added seven points to his custody classification, subjecting him to a "possible lengthier sentence" and it denies him participation in programs which might

---

[1] The allegations that Bailey raises appear to be appropriately addressed by the Pennsylvania Board of Probation and Parole. Should the Court require additional information from the Federal Bureau of Prisons, respondent respectfully requests additional time be granted to respond.

reduce his sentence. (See Pet. at 3-4; R. 1-2.[2]) By Order dated February 15, 2001, this Court issued a rule to show cause directing respondent Jake Mendez, Warden of USP Allenwood to address the allegations of the habeas petition on or before March 7, 2001. On March 7, 2001, respondent requested a brief enlargement of time in which to file his response. The following is respondent's Response to Show Cause Order.

## II. Factual History

### A. Exhaustion of Administrative Remedies

Bailey was sentenced on March 8, 1994, in the United States District Court for the Eastern District of Pennsylvania, to an aggregate term of imprisonment of one hundred and thirty two (132) months; a three year term of supervision; a one hundred and fifty dollar ($150.00) felony assessment; and restitution in the amount of forty thousand dollars ($40,000.00), for "Interference with Commerce by Robbery", "Aiding and Abetting", "Possession of a Firearm by a Convicted Felon" and "Use of a Firearm During a Crime of Violence". Bailey is currently incarcerated in the United States Penitentiary, Allenwood, Pennsylvania, and he has a detainer lodged against him by the Commonwealth of Pennsylvania, Board of Probation and Parole, for parole violation (parole #7845T). Bailey has a projected release

---

[2] "R." refers to Respondent's Record in Support Its Response to Response to Habeas Corpus Petition.

2

date of April 4, 2003, via Good Conduct Time Release.  (R. 2, ¶ 3.)

The Bureau of Prisons has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment.  In order to exhaust appeals under the Administrative Remedy Procedure for inmates, an inmate must first raise his complaint to the warden of the institution where he is confined.  He may then further appeal an adverse decision to the Regional Director and Central Office of the Federal Bureau of Prisons. See 28 C.F.R. § 542, et seq.  No administrative remedy appeal is considered to have been finally exhausted until rejected by the Bureau of Prisons' Central Office.  (R. 3, ¶ 4.)

In the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained by the Regional and Central Offices so that rapid verification may be made as to whether an inmate has exhausted administrative appeals on a particular issue.  (R. 3, ¶ 5.)

On March 14, 2001, Mike Sullivan, Supervisory Attorney, FCC Allenwood, conducted a search of the records to determine whether or not Bailey had exhausted available administrative remedies regarding the issues he raised in his petition.  This review has revealed that Bailey has **failed** to exhaust available administrative remedies.  (R. 3, ¶ 6.)

3

Specifically, although Bailey has filed ten administrative remedies since he has been incarcerated, he has not filed any administrative remedies regarding any of the issues raised in this petition. In fact, Bailey has not filed any administrative remedies since March 14, 1996. (R. 4, ¶ 7; R. 6-11.)

**B. Detainer**

Bailey was arrested on June 1, 1993, by the Federal Bureau of Investigation, Philadelphia, Pennsylvania, and he was charged with Interference with Commerce by Robbery; Aiding & Abetting; Possession of a Firearm by a Convicted Felon; and Use of a Firearm During a Crime of Violence. (R. 13, ¶ 3.)

On December 25, 1992, Bailey was paroled from his Pennsylvania State sentence (Case Nos. CP 870001979; CP 850702140; CP 870102139; and CP870100980). (R. 13, ¶ 4.) On June 4, 1993, a detainer was lodged with the United States Marshals, Philadelphia, Pennsylvania, in favor of the Pennsylvania State Parole Board. This detainer is still active today. (R. 13, ¶ 6.) Due to Bailey's instant federal sentence, a Parole Violation Warrant was issued by the State of Pennsylvania for the above listed cases. (R. 13-14, ¶ 6; R. 18-22.)

On March 8, 1994, Bailey was sentenced in the United States District Court for the Eastern District of Pennsylvania to

4

one hundred and thirty two (132) months imprisonment. (R. 13, ¶ 7; R. 24-29.) Bailey has a projected release date of April 4, 2003, via Good Conduct Time release. (R. 14, ¶ 8.) Upon Bailey's release from federal custody on April 4, 2003, the Parole Violation Warrant will be executed and custody will be assumed by the Pennsylvania Board of Probation and Parole. (R. 14, ¶ 9.)

Contact with the Pennsylvania Board of Probation and Parole, Interstate Compact Services, revealed the following in regard to the current Parole Violation detainer lodged against Bailey. A revocation hearing could not be scheduled against Bailey until he was sentenced in federal court (which occurred on March 8, 1994). Once sentencing in federal court occurred, the Pennsylvania Board of Probation and Parole was then allowed to request certified copies of the documents, ie. the warrant, etc., in preparation for the revocation hearing. It is Ms. Hopple's understanding that the Board of Probation and Parole then has 120 days to conduct the revocation hearing, which was tentatively scheduled for March 15, 1994. (R. 14, ¶ 10.)

In Bailey's case, the Board was unable to hold the hearing on March 15, 1994, due to not having the necessary certified documents, and thus the Board requested a continuance. (R. 14-15, ¶ 11.) On March 17, 1994, Bailey was transferred from the Holmesburg County jail in Philadelphia to the Federal

5

Correctional Institution, Fairton, New Jersey. Per the Pennsylvania Board of Probation and Parole, since federal designation was made and Bailey had been transferred to a federal facility, a formal detainer was lodged for the Parole Violation and the revocation hearing was continued until such a time as Bailey is returned to a state facility. (R. 15, ¶ 12.) Bailey's revocation hearing will not occur until he is returned to state custody upon completion of his federal sentence. At that time, Bailey's federal charge and the time spent in federal custody will factor in the outcome of his revocation hearing. (R. 15, ¶ 13.)

Additionally, Inmate Systems Management staff have been informed by the Pennsylvania Board of Probation and Parole that Bailey should address this issue with state authorities. Specifically, staff were advised that Bailey should send a letter to the Chief Commander of the Pennsylvania Board of Probation and Parole. (R. 15, ¶ 14.) The Federal Bureau of Prisons has no authority over the Pennsylvania Board of Probation & Parole and its actions in this case. (R. 16, ¶ 15.)

Furthermore, the detainer currently lodged against Bailey in favor of the Pennsylvania Board of Probation and Parole will remain lodged until such time that they request that the detainer be removed. If this detainer remains lodged at the time of Bailey's release from federal custody on April 4, 2003,

custody will be assumed by the Pennsylvania Board of Probation and Parole. (R. 16, ¶ 16.)

### III. Question Presented

Should the petition for writ of habeas corpus be dismissed as Bailey has not exhausted his administrative remedies?

Suggested answer in the affirmative.

### IV. Argument

**THE PETITION SHOULD BE DISMISSED AS BAILEY HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES**

Bailey alleges that "the BOP continues to maintain a Pennsylvania detainer" that should be quashed and that an additional seven points have been added to his custody classification based on this invalid detainer. Bailey further alleges that this will subject him to a "possible lengthier sentence" and that it denies him participation in programs which might reduce his sentence. See Pet. at 3-4; R. 1-2, ¶ 2.

Federal inmates seeking habeas relief are required to exhaust administrative remedies prior to filing a petition. See Royce v. Hahn, 151 F.3d 116, 118 (3rd Cir. 1998); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); United States v. Arnold, 535 F.2d 848, 850 (3rd Cir. 1976). See also Raine v. Carlson, 826 F.2d 698, 703 (7th Cir. 1987); Kyle v. Hanberry, 677 F.2d 1386, 1391-92 (11th Cir. 1982); Little v. Hopkins, 638 F.2d 953, 954 (6th Cir. 1981).

7

The BOP administrative remedy program is described at 28 C.F.R. § 542.10. Using this program, inmates "may seek formal review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. Each inmate is appraised of the BOP administrative remedy process upon admission to the BOP.

To initiate the BOP administrative remedy process, an inmate must first file a request for administrative remedy with the institution (BP-9, level 1) within 20 days following the date on which the basis of the request occurred. If dissatisfied with the response at that level, the inmate may appeal the decision to the Regional Director (BP-10, level 2), and thereafter to the General Counsel (BP-11, level 3). Only once a decision has been rendered at each level is an inmate deemed to have exhausted administrative remedies. An exception is made for appeals of Discipline Hearing Officer (D.H.O.) appeals, which are first raised directly to the regional office level and then to the central office level. No administrative remedy appeal is considered to have been finally exhausted until rejected by the Bureau of Prisons' Central Office. See 28 C.F.R. § 542 et seq.

In the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained by the Regional and Central offices so that rapid verification may be made as to whether an inmate has exhausted administrative appeals on a particular issue. The Federal Bureau

of Prisons has a system established whereby inmates may seek formal review of a complaint which relates to any aspect of their imprisonment. See 28 C.F.R. § 542. The exhaustion doctrine has been developed to facilitate judicial review by allowing the appropriate agency to develop a factual record and apply its expertise, to conserve judicial resources, and to allow the defendant agency the first opportunity to correct its own errors. See Moscato, 98 F.3d at 761-62.

A habeas corpus petitioner cannot take it upon himself to deliberately decide to bypass available administrative remedies and instead proceed directly to court. See Talerico v. Warden, 391 F. Supp. 193 (M.D. Pa. 1975)(Sheridan, J.) Therefore, a petition should be dismissed for failure to exhaust administrative remedies. See Arias v. United States Parole Commission, 648 F. 2d 196, 199 (3rd Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3rd Cir. 1973).[3]

A review of the administrative remedies filed by Bailey

---

[3] The same is true under the Prison Litigation Reform Act ("PLRA"). The PLRA provides that "no action shall be brought with respect to prior conditions under ... any ... Federal law, by a prisoner confined in any ... correctional facility until such administrative remedies as are available are exhausted." See Nyhuis v. Reno, et al., 204 F.3d 65 (3d Cir. 2000)(PLRA bars federal Bivens action if inmate does not exhaust administrative remedies even if those remedies cannot provide the same relief as a federal lawsuit); Booth v. Churner, et al., 206 F.3d 289 (3d Cir. 2000), cert. granted, 121 S.Ct. 377 (Oct. 30, 2000). See also Irwin v. Hawk, 40 F.3d 347, 348 (11th Cir. 1994)("When Congress prescribes an administrative remedy, application of the exhaustion requirement is not a matter of judicial discretion").

9

indicates that he has filed ten administrative remedies since his incarceration. However, Bailey has **not** filed any administrative remedies regarding any of the issues raised in this petition. In fact, Bailey has not filed any administrative remedies since March 14, 1996. The Court should, therefore, dismiss this case for failure to exhaust administrative remedies.

### THE PENNSYLVANIA DETAINER WOULD APPEAR TO BE APPROPRIATELY ADDRESSED BY PENNSYLVANIA PROBATION AND PAROLE

Bailey claims that a Pennsylvania State detainer lodged against him should be removed. Respondent has attached the declaration of Michelle R. Hopple, Legal Instruments Examiner, in order to provide the Court with background information only. The detainer lodged with the United States Marshals in favor of the Pennsylvania State Parole Board is still active today. The Federal Bureau of Prisons has no authority over the Pennsylvania Board of Probation and Parole and its actions in this case. As previously stated, Bailey should address this issue with state authorities.

## V. Conclusion

For the aforementioned reasons, Bailey's petition for writ of habeas corpus should be dismissed.

                                        Respectfully submitted,

                                        DAVID M. BARASCH
                                        United States Attorney

                                        */s/ Matthew E. Haggerty*

                                        MATTHEW E. HAGGERTY
                                        Assistant U.S. Attorney
                                        SHELLEY L. GRANT
                                        Paralegal Specialist
                                        Federal Building
                                        228 Walnut Street
                                        Post Office Box 11754
                                        Harrisburg, PA 17108

Dated: March 14, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YONNIE BAILEY,  :
        Petitioner  :
          :
        v.  :   Civil No. 1:CV-00-2184
          :   (Judge Caldwell)
JAKE MENDEZ, Warden,  :
        Respondent  :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on March 7, 2001, she served a copy of the attached

**RESPONSE TO HABEAS CORPUS PETITION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Yonnie Bailey
Reg. No. 46949-066
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

                                                      SHELLEY L. GRANT
                                                      Paralegal Specialist