DMB:MEH:slg:2001V00181

ORIGINAL

FILED
HARRISBURG

MAR 1 4 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YONNIE BAILEY,                          :
                Petitioner              :
                                        :
        v.                              :    Civil No. 1:CV-00-2184
                                        :    (Judge Caldwell)
JAKE MENDEZ, Warden,                    :
                Respondent              :


RESPONDENT'S RECORD IN SUPPORT
OF ITS RESPONSE TO HABEAS CORPUS PETITION


                        DAVID M. BARASCH
                        United States Attorney


                        MATTHEW E. HAGGERTY
                        Assistant United States Attorney
                        SHELLEY L. GRANT
                        Paralegal Specialist
                        228 Walnut Street, Suite 220
                        P.O. Box 11754
                        Harrisburg, PA   17108-1754
                        717/221-4482


Date:  March 14, 2001



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YONNIE BAILEY                    :
                                 :
            Petitioner           :        CIVIL ACTION NO. 1:CV-00-2184
                                 :
            v.                   :        (Judge Caldwell)
                                 :
JAKE MENDEZ,                     :
                                 :
            Respondent           :

<u>DECLARATION OF K. MICHAEL SULLIVAN</u>

I, K. Michael Sullivan, hereby declare and state the
following:

1.    I am currently employed by the United States Department of
      Justice, Federal Bureau of Prisons ("FBOP"), as the
      Supervisory Attorney, at the Federal Correctional Complex
      (F.C.C.), Allenwood, Pennsylvania.  I have been employed
      with the FBOP since August 1992.  I have been the
      Supervisory Attorney at F.C.C. Allenwood since August 1999.
      Prior to that time, I held the position of Attorney Advisor
      at the United States Penitentiary, Lewisburg, Pennsylvania,
      since September 1993.

2.    I have reviewed the petition filed in the above-captioned
      matter, in which the Petitioner, inmate Yonnie Bailey,
      Federal Register Number 46949-066, alleges that "the BOP
      continues to maintain a Pennsylvania detainer" that should

R. 1

be quashed and that an additional seven points have been
added to his custody classification based on this invalid
detainer.  He further alleges that this will subject him to
a "possible lengthier sentence" and that it denies him
participation in programs which might reduce his sentence.

3.    I have also reviewed the Petitioner's sentence computation
records.  This review revealed that the Petitioner was
sentenced on March 8, 1994, in the United States District
Court for the Eastern District of Pennsylvania, to an
aggregate term of imprisonment of one hundred and thirty two
(132) months; a three year term of supervision; a one
hundred and fifty dollar ($150.00) felony assessment; and
restitution in the amount of forty thousand dollars
($40,000.00), for "Interference with Commerce by Robbery",
"Aiding and Abetting", "Possession of a Firearm by a
Convicted Felon" and "Use of a Firearm During a Crime of
Violence".  The Petitioner is currently incarcerated in the
United States Penitentiary, Allenwood, Pennsylvania, and he
has a detainer lodged against him by the Commonwealth of
Pennsylvania, Board of Probation and Parole, for parole
violation (parole #7845T).  The Petitioner has a projected
release date of April 4, 2003, via Good Conduct Time
Release.

R. 2

4.   The Bureau of Prisons has established an administrative
     remedy procedure through which an inmate can seek formal
     review of any complaint regarding any aspect of his
     imprisonment. In order to exhaust appeals under the
     Administrative Remedy Procedure for inmates, an inmate must
     first raise his complaint to the warden of the institution
     where he is confined.  He may then further appeal an adverse
     decision to the Regional Director and Central Office of the
     Federal Bureau of Prisons. See 28 C.F.R. § 542, et seq.  No
     administrative remedy appeal is considered to have been
     finally exhausted until rejected by the Bureau of Prisons'
     Central Office.

5.   In the ordinary course of business, computerized indexes of
     all administrative appeals filed by inmates are maintained
     by the Regional and Central Offices so that rapid
     verification may be made as to whether an inmate has
     exhausted administrative appeals on a particular issue.

6.   On March 14, 2001, I conducted a search of the records to
     determine whether or not the Petitioner had exhausted
     available administrative remedies regarding the issues he
     raised in his petition.  This review has revealed that the
     Petitioner has **failed** to exhaust available administrative
     remedies.

7.   Specifically, although the Petitioner has filed ten
     administrative remedies since he has been incarcerated, he
     has not filed any administrative remedies regarding any of
     the issues raised in this petition.  In fact, the Petitioner
     has not filed any administrative remedies since March 14,
     1996.


8.   Attached to this declaration is a true and correct copy of
     the computerized index for the Petitioner's administrative
     remedies (Attachment # 1).


     I declare that any and all records attached to this
declaration are true and accurate copies of records maintained in
the ordinary course of business by the Federal Bureau of Prisons.
I further declare that the foregoing is true and correct to the
best of my knowledge and belief, and is given under penalty of
perjury pursuant to 28 U.S.C. §1746.


     Executed this 14th day of March 2001.


                              _____
                              K. MICHAEL SULLIVAN
                              Supervisory Attorney
                              F.C.C. Allenwood


                                                    R. 4

<u>Bailey v. Mendez</u>
Civil Action Number 1:CV-00-2184

Declaration of K. Michael Sullivan, Supervisory Attorney

# ATTACHMENT NUMBER #1

```
   ALFDC         *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      03-14-2001
 PAGE 001 OF                                                           09:47:49
         FUNCTION: L-P SCOPE: REG    EQ 46949-066    OUTPUT FORMAT: FULL
 -------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
 DT RCV: FROM _____  THRU _____  DT STS: FROM _____  THRU _____
 DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
 DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ___ DAYS AFTER DT TRT
 STS/REAS: _____
 SUBJECTS: ____  ____  ____  ____  ____  ____  ____
 EXTENDED: ____ REMEDY LEVEL: __ __        RECEIPT: __ __   "OR" EXTENSION: __ __
 RCV  OFC : EQ _____  _____  _____  _____  _____  _____
 TRACK:  DEPT: _____  _____  _____  _____  _____  _____
        PERSON: _____  _____  _____  _____  _____  _____
          TYPE: _____  _____  _____  _____  _____  _____
 EVNT FACL: EQ _____  _____  _____  _____  _____  _____
 RCV FACL.: EQ _____  _____  _____  _____  _____  _____
 RCV UN/LC: EQ _____  _____  _____  _____  _____  _____
 RCV QTR..: EQ _____  _____  _____  _____  _____  _____
 ORIG FACL: EQ _____  _____  _____  _____  _____  _____
 ORG UN/LC: EQ _____  _____  _____  _____  _____  _____
 ORIG QTR.: EQ _____  _____  _____  _____  _____  _____


 G0002      MORE PAGES TO FOLLOW . . .
```

R. 6

```
ALFDC            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      03-14-2001
PAGE 002 OF      *          FULL SCREEN FORMAT              *         09:47:49


REGNO: 46949-066 NAME: BAILEY, YONNIE
RSP OF...: ALP UNT/LOC/DST: III                   QTR.: C04-213L    RCV OFC: LEW
REMEDY ID: 78165-F1          SUB1: 102M SUB2:     DATE RCV:   12-13-1994
UNT RCV..: MAB               QTR RCV.: G-3 .      FACL RCV: LEW
UNT ORG..: MAB               QTR ORG.: G-3        FACL ORG: LEW
EVT FACL.: LEW       ACC LEV:  LEW  1 NER  1 BOP  1   RESP DUE:  WED  12-28-1994
ABSTRACT.: REQUESTS TRANSFER FOR "PROTECTION" NEEDS
STATUS DT: 12-20-1994  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:               RCT: P EXT:   DATE ENTD: 12-13-1994
REMARKS..:




REGNO: 46949-066 NAME: BAILEY, YONNIE
RSP OF...: ALP UNT/LOC/DST: III                   QTR.: C04-213L    RCV OFC: LEW
REMEDY ID: 79016-F1          SUB1: 20DS SUB2:     DATE RCV:   12-29-1994
UNT RCV..: MAB               QTR RCV.: G-3        FACL RCV: LEW
UNT ORG..: MAB               QTR ORG.: G-3        FACL ORG: LEW
EVT FACL.: LEW       ACC LEV:                         RESP DUE:
ABSTRACT.: IMPROPER SANCTIONS/AFRAID TO ENTER GENERAL POP.
STATUS DT: 12-29-1994  STATUS CODE: REJ STATUS REASON: DHO
INCRPTNO.: 266519    RCT:    EXT:   DATE ENTD: 12-29-1994
REMARKS..: DHO APPEALS ARE PROPERLY MADE DIRECTLY TO THE
           REGIONAL OFFICE.  ATTACH COPIES OF DHO DOCUMENTS
           AND SUBMIT TO THAT OFFICE.
```

```
G0002       MORE PAGES TO FOLLOW . . .
```

R. 7

Case 1:00-cv-02184-WWC-PT    Document 8    Filed 03/14/2001    Page 9 of 31

```
   ALFDC           *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      03-14-2001
   PAGE 003 OF         *            FULL SCREEN FORMAT             *      09:47:49

REGNO: 46949-066 NAME: BAILEY, YONNIE
RSP OF...: ALP UNT/LOC/DST: III              QTR.: C04-213L   RCV OFC: NER
REMEDY ID: 79016-R1        SUB1: 20DM SUB2:  DATE RCV:   01-04-1995
UNT RCV..: MAB         QTR RCV.: G-3         FACL RCV: LEW
UNT ORG..: MAB         QTR ORG.: G-3         FACL ORG: LEW
EVT FACL.: LEW    ACC LEV:                        RESP DUE:
ABSTRACT.: IMPROPER SANCTIONS/AFRAID TO ENTER GENERAL POP.
STATUS DT: 01-23-1995  STATUS CODE: VOD STATUS REASON:
INCRPTNO.:          RCT:    EXT:   DATE ENTD: 01-05-1995
REMARKS..: BEING REJECTED DUE TO APPEALING 2 INCIDENT REPORTS
           ON 1 BP-10.  SEE 79016-R2.


REGNO: 46949-066 NAME: BAILEY, YONNIE
RSP OF...: ALP UNT/LOC/DST: III              QTR.: C04-213L   RCV OFC: NER
REMEDY ID: 79016-R2        SUB1: 20DM SUB2:  DATE RCV:   01-04-1995
UNT RCV..: MAB         QTR RCV.: G-3         FACL RCV: LEW
UNT ORG..: MAB         QTR ORG.: G-3         FACL ORG: LEW
EVT FACL.: LEW    ACC LEV:                        RESP DUE:
ABSTRACT.: IMPROPER SANCTIONS/AFRAID TO ENTER GENERAL POP.
STATUS DT: 01-23-1995  STATUS CODE: REJ STATUS REASON: MLT RSR
INCRPTNO.:          RCT:  EXT:   DATE ENTD: 01-23-1995
REMARKS..:


G0002      MORE PAGES TO FOLLOW . . .
```

R. 8

```
   ALFDC           *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     03-14-2001
   PAGE 004 OF       *          . FULL SCREEN FORMAT              *     09:47:49

REGNO: 46949-066 NAME: BAILEY, YONNIE
RSP OF...: ALP UNT/LOC/DST: III                QTR.: C04-213L   RCV OFC: NER
REMEDY ID: 78165-R1        SUB1: 10ZM SUB2:    DATE RCV:  01-06-1995
UNT RCV..: MAB          QTR RCV.: G-3          FACL RCV: LEW
UNT ORG..: MAB          QTR ORG.: G-3          FACL ORG: LEW
EVT FACL.: LEW     ACC LEV:  LEW  1 NER  1 BOP  1   RESP DUE:  SUN 02-05-1995
ABSTRACT.: REQUESTS TRANSFER FOR "PROTECTION" NEEDS
STATUS DT: 01-23-1995  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:            RCT: P EXT:   DATE ENTD: 01-09-1995
REMARKS..:


REGNO: 46949-066 NAME: BAILEY, YONNIE
RSP OF...: ALP UNT/LOC/DST: III                QTR.: C04-213L   RCV OFC: BOP
REMEDY ID: 78165-A1        SUB1: 10ZM SUB2:    DATE RCV:  02-09-1995
UNT RCV..: MAB          QTR RCV.: G-3          FACL RCV: LEW
UNT ORG..: MAB          QTR ORG.: G-3          FACL ORG: LEW
EVT FACL.: LEW     ACC LEV:  LEW  1 NER  1 BOP  1   RESP DUE:  SAT 03-11-1995
ABSTRACT.: REQUESTS TRANSFER FOR "PROTECTION" NEEDS
STATUS DT: 02-10-1995  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:            RCT: D EXT:   DATE ENTD: 02-09-1995
REMARKS..:




   G0002       MORE PAGES TO FOLLOW . . .
```

```
ALFDC          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      03-14-2001
PAGE 005 OF      *              FULL SCREEN FORMAT              *      09:47:49

REGNO: 46949-066 NAME: BAILEY, YONNIE
RSP OF...: ALP UNT/LOC/DST: III                  QTR.: C04-213L   RCV OFC: WXR
REMEDY ID: 102456-R1        SUB1: 13AM SUB2: 34AM DATE RCV:   01-29-1996
UNT RCV..: C                QTR RCV.: H ADM DET    FACL RCV: LOM
UNT ORG..: C                QTR ORG.: H ADM DET    FACL ORG: LOM
EVT FACL.: LOM      ACC LEV:                         RESP DUE:
ABSTRACT.: RECLASSIFICATION/INJUSTICE & UNFAIR TREATMENT
STATUS DT: 01-30-1996  STATUS CODE: REJ STATUS REASON: SEN INS
INCRPTNO.:              RCT: EXT:   DATE ENTD: 01-30-1996
REMARKS..:


REGNO: 46949-066 NAME: BAILEY, YONNIE
RSP OF...: ALP UNT/LOC/DST: III                  QTR.: C04-213L   RCV OFC: LOM
REMEDY ID: 104354-F1        SUB1: 22AM SUB2:       DATE RCV:   02-26-1996
UNT RCV..: C                QTR RCV.: H ADM DET    FACL RCV: LOM
UNT ORG..: C                QTR ORG.: H ADM DET    FACL ORG: LOM
EVT FACL.: LOM      ACC LEV:                         RESP DUE:
ABSTRACT.: ADM DET
STATUS DT: 02-27-1996  STATUS CODE: REJ STATUS REASON: INF
INCRPTNO.:              RCT: EXT:   DATE ENTD: 02-28-1996
REMARKS..:




G0002      MORE PAGES TO FOLLOW . . .
```

R. 10

```
ALFDC          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        03-14-2001
PAGE 006 OF 006 *                FULL SCREEN FORMAT            *       09:47:49


REGNO: 46949-066 NAME: BAILEY, YONNIE
RSP OF...: ALP UNT/LOC/DST: III              QTR.: C04-213L   RCV OFC: WXR
REMEDY ID: 104354-R1        SUB1: 22AM SUB2:     DATE RCV:   03-07-1996
UNT RCV..: C             QTR RCV.: H ADM DET     FACL RCV: LOM
UNT ORG..: C             QTR ORG.: H ADM DET     FACL ORG: LOM
EVT FACL.: LOM    ACC LEV:                       RESP DUE:
ABSTRACT.: REQUEST RELEASE FROM ADMINISTRATIVE DETENTION, ETC.
STATUS DT: 03-07-1996  STATUS CODE: REJ STATUS REASON: SEN IRQ OTH
INCRPTNO.:          RCT:    EXT:    DATE ENTD: 03-07-1996
REMARKS..: NEEDED: BP-9, INCLUDING THE WARDEN'S RESPONSE.




REGNO: 46949-066 NAME: BAILEY, YONNIE
RSP OF...: ALP UNT/LOC/DST: III              QTR.: C04-213L   RCV OFC: WXR
REMEDY ID: 104354-R2        SUB1: 22AM SUB2:     DATE RCV:   03-14-1996
UNT RCV..: C             QTR RCV.: H ADM DET     FACL RCV: LOM
UNT ORG..: C             QTR ORG.: H ADM DET     FACL ORG: LOM
EVT FACL.: LOM    ACC LEV:                       RESP DUE:
ABSTRACT.: REMOVED FROM GEN POP & RECLASSIFIED
STATUS DT: 03-14-1996  STATUS CODE: REJ STATUS REASON: OTH
INCRPTNO.:          RCT:    EXT:    DATE ENTD: 03-14-1996
REMARKS..: BECAUSE YOUR BP-9 WAS REJECTED, WE CANNOT ACCEPT
           YOUR BP-10.  YOU SUBMITTED YOUR BP-10 AS SENSITIVE
           AND FOR THIS REASON IT WAS NOT RETURNED TO YOU.
```

```
          10 REMEDY SUBMISSION(S) SELECTED
G0000     TRANSACTION SUCCESSFULLY COMPLETED
```

R. 11

03/07/01   14:20   ☎717 547 6299        ALP ISM                                    ☑002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YONNIE BAILEY                          :
                                       :
          Petitioner                   :      CIVIL ACTION NO. 1:CV-00-2184
                                       :
          v.                           :      (Judge Caldwell)
                                       :
JAKE MENDEZ, WARDEN                    :
                                       :
          Respondent.                  :

DECLARATION OF MICHELLE R. HOPPLE

    I, Michelle R. Hopple, hereby declare and state the following:

1.    I am currently employed by the Federal Bureau of Prisons, at
      the United States Penitentiary, Allenwood, Pennsylvania, as
      a Legal Instruments Examiner.  I have been employed by the
      Bureau of Prisons since August 1993.  I have worked in the
      area of inmate sentence computation since June 1995.  In my
      current position I am responsible for all operational
      aspects of the Inmate Systems Management area, to include
      sentence computation.

2.    I have personally reviewed the sentence computation of the
      Petitioner, inmate Yonnie Bailey, Federal Register Number
      46949-066.

R. 12

3.   Our records reflect that the Petitioner was arrested on June
     1, 1993, by the Federal Bureau of Investigation,
     Philadelphia, Pennsylvania, and he was charged with
     Interference with Commerce by Robbery; Aiding & Abetting;
     Possession of a Firearm by a Convicted Felon; and Use of a
     Firearm During a Crime of Violence.

4.   On December 25, 1992, the Petitioner was paroled from his
     Pennsylvania State sentence (Case Nos. CP 870001979; CP
     850702140; CP 870102139; and CP870100980).

5.   A review of the Petitioner's records reflect that on June 4,
     1993, a detainer was lodged with the U.S. Marshals,
     Philadelphia, Pennsylvania, in favor of the Pennsylvania
     State Parole Board.   This detainer is still active today.

6.   Due to the Petitioner's instant federal sentence, a Parole
     Violation Warrant was issued by the State of Pennsylvania
     for the above listed cases.   I have attached a copy of the
     Parole Violation Warrant to my declaration as Attachment #1.

7.   On March 8, 1994, the Petitioner was sentenced in the United
     States District Court for the Eastern District of
     Pennsylvania to one hundred and thirty two (132) months
     imprisonment on March 8, 1994.   I have attached a copy of
     the Petitioner's Judgment and Conviction order to my

R. 13

declaration as Attachment #2.

8.   The Petitioner currently has a projected release date of
     April 4, 2003, via Good Conduct Time release.

9.   Upon Petitioner's release from federal custody on April 4,
     2003, the Parole Violation Warrant will be executed and
     custody will be assumed by the Pennsylvania Board of
     Probation & Parole.

10.  Contact with the Pennsylvania Board of Probation & Parole,
     Interstate Compact Services, revealed the following in
     regard to the current Parole Violation detainer lodged
     against the Petitioner.  A revocation hearing could not be
     scheduled against the Petitioner until he was sentenced in
     federal court (which occurred on March 8, 1994).  Once
     sentencing in federal court occurred, the Pennsylvania Board
     of Probation & Parole was then allowed to request certified
     copies of the documents, ie. the warrant, etc., in
     preparation for the revocation hearing.  It is my
     understanding that the Board of Probation and Parole then
     has 120 days to conduct the revocation hearing, which was
     tentatively scheduled for March 15, 1994.

11.  In the Petitioner's case, the Board was unable to hold the
     hearing on March 15, 1994, due to not having the necessary

R. 14

certified documents, and thus the Board requested a
continuance.

12.   On March 17, 1994, the Petitioner was transferred from the
      Holmesburg County jail in Philadelphia to the Federal
      Correctional Institution, Fairton, New Jersey.    Per the
      Pennsylvania Board of Probation & Parole, since federal
      designation was made and the Petitioner had been transferred
      to a federal facility, a formal detainer was lodged for the
      Parole Violation and the revocation hearing was continued
      until such a time as the Petitioner is returned to a state
      facility.

13.   The Petitioner's revocation hearing will not occur until he
      is returned to state custody upon completion of his federal
      sentence.  At that time, the Petitioner's federal charge and
      the time spent in federal custody will factor in the outcome
      of his revocation hearing.

14.   Additionally, Inmate Systems Management staff have been
      informed by the Pennsylvania Board of Probation & Parole
      that the Petitioner should address this issue with state
      authorities.  Specifically, staff were advised that the
      Petitioner should send a letter to the Chief Commander of
      the Pennsylvania Board of Probation & Parole.

R. 15

15.   The Federal Bureau of Prisons has no authority over the
      Pennsylvania Board of Probation & Parole and its actions in
      this case.

16.   Furthermore, the detainer currently lodged against the
      Petitioner in favor of the Pennsylvania Board of Probation
      and Parole will remain lodged until such time that they
      request that the detainer be removed.   If this detainer
      remains lodged at the time of the Petitioner's release from
      federal custody on April 4, 2003, custody will be assumed by
      the Pennsylvania Board of Probation & Parole.

      I declare under penalty of perjury and pursuant to Title 28
United States Code, Section 1746, that the above is true and
correct to the best of my knowledge and belief.


Dated this 7th day of March, 2001.

_MICHELLE R. HOPPLE_
MICHELLE R. HOPPLE
Legal Instruments Examiner
Federal Bureau of Prisons
United States Penitentiary
Allenwood, Pennsylvania 17887

R. 16

Bailey v. Mendez
Civil Action No. 1:CV-00-2184 (MDPA)

**Declaration of M. Hopple**

# ATTACHMENT #1

 



COMMONWEALTH of PENNSYLVANIA
**Board of Probation and Parole**

1101 S. Front St., Suite 5800

Harrisburg, PA 17104-2538
(717) 787-5699, Ext. 257

August 2, 2000

TO:   U.S.P.-Allenwood        RE:   BAILEY, YONNIE
      P. O. Box 3500                PA PAROLE NO.:  7845-T
      White Deer, PA  17887   YOUR #:  46949-066
      ATTN:  ISM

Dear Sir/Madam:

The below-checked paragraph relates to the above-named subject.

(X )  Refer to prior correspondence on this case.

(X )  Advise whether our warrant for violation of parole is on file.

(  )  Lodge the attached warrant as a detainer for violation of parole.

(  )  Advise parolee's earliest release date or parole hearing date.

(X )  Advise parolee's current status as to a release date or parole
      re-hearing date.

(X )  Notify us approximately sixty (60) days prior to actual release.

(  )  Our Board has acted to close this case.  Therefore, return our warrant
      as we have no further interest.

(  )  Other:

*Detainer lodged on 7/20/99 and remains
lodged to date.  Current release date is
4/04/2003.  Inmate is currently confined
at USP Allenwood, PA.

Very truly yours,
FOR THE BOARD

Michelle R. Hopple
Legal Instr. Examiner
USP Allenwood, PA  8/10/00

Tara Hoover
Parole Staff Technician
Interstate Compact Services

TH:map
Attachment
Cc: FILE

R. 18

**U.S. DEPARTMENT OF JUSTICE PRISONS**

**FEDERAL BUREAU OF**

| To: COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION & PAROLE P.O. BOX 1661 1301 NORTH FRONT STREET HARRISBURG, PA 17105-1661 | Institution: USP ALLENWOOD P.O. BOX 3500 WHITE DEER, PA  17887 |
|---|---|
| | Date: JULY 20, 1999 |

| Re: TRANSFER NOTICE | Inmate's Name BAILEY, YONNIE DOB: 08/23/1963 | PAROLE# 7845-T REG# 46949-066 FBI# 25347CA8 |
|---|---|---|

The below checked paragraph relates to the above named inmate:

☐ This office is in receipt of the following report:  Please review this report and advise what disposition, if any, has been made of the case.  If subject is wanted by your department, and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer, or indicate you have no further interest in subject.

☐ A detainer has been filed against this subject in your favor charging _____.  Release is tentatively scheduled for _____, however we will again notify you approximately 60 days prior to actual release.

☐ Enclosed is your detainer warrant.  Your detainer against the above named has been removed in compliance with your request.

☐ Your detainer warrant has been removed on the basis of the attached _____.  Notify this office immediately if you do not concur with this action.

☐ Your office requests notification prior to the release of the above named prisoner.  Our records have been noted.  Tentative release date at this time is _____.

☐ I am returning your _____ on the above named inmate who was committed to this institution on _____ to serve _____ for the offense of _____ If you wish your _____ filed as a detainer, please return it to us with a cover letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

☑ The above named inmate has been transferred to UNITED STATES PENITENTIARY, ALLENWOOD, PENNSYLVANIA. Your detainer/notification request has been forwarded.

☑ Other: PROJECTED RELEASE DATE IS 4/04/2003.

Sincerely,

Randall G. Powers
Inmate Systems Manager

2 Signed Record Copies - 1 Addressee, 1 Judgment & Commitment File; Copy - Inmate; Copy - Central File (Section 1); Copy - Corr. Svcs Dept
(This form may be reproduced via WP)                                      (Replaces BP-394(58) dtd October 1988)

R. 19

| TO | COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION AND PAROLE P.O. BOX 1661 1301 NORTH FRONT STREET HARRISBURG, PA 17105-1661 | | Institution USP LOMPOC, CA 93436 |
| --- | --- | --- | --- |
| | | | Date SEPTEMBER 27, 1995 |
| Re DETAINER | Inmate's Name BAILEY, YONNIE | | Number 46949-066 (C) |

DOB: 08-23-1963

Dear Sir:

The below checked paragraph relates to the above named inmate:

☒ This office is in receipt of the following report regarding the above named _____ _____ Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer, or indicate you have no further interest in subject.

☒ A detainer has been filed against this subject in your favor charging **PAROLE VIOLATION= PAROLE #7845-T** _____ Release is tentatively scheduled for **02-16-2003 VIA GCT REL** however we will again notify you approximately 60 days prior to actual release.

☐ Enclosed is your detainer warrant. Your detainer against the above named has been removed in compliance with your request.

☐ Your detainer warrant has been removed on the basis of the attached _____ Notify this office immediately if you do not concur with this action.

☐ Your letter dated _____ requests notification prior to the release of the above named prisoner. Our records have been noted. Tentative release date at this time is _____

☐ I am returning your _____ on the above named inmate who was committed to this institution on _____ to serve _____ for the offense of _____ If you wish your _____ filed as a detainer, please return it to us with a cover letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

☒ The above named inmate has been transferred to **USP LOMPOC  3901 KLEIN BLVD, LOMPOC, CA  93436** Your detainer/notification request has been forwarded.

☒ Other **TELEPHONE #:  (805)  735-2771, EXT: 234**

Sincerely,

M. W. HILLEBRAND
Inmate Systems Manager

BY
C. LEE, LEGAL TECHNICIAN

Original White–Addressee
First Copy (Green)–Judgment & Commitment File
Second Copy (Canary)–Inmate
Third Copy (Pink)–Central File (Section 1)
Fourth Copy (Goldenrod)–Correctional Services Department

R. 20



## COMMONWEALTH OF PENNSYLVANIA
### Board of Probation and Parole

P.O. Box 1661
3101 North Front Street
Harrisburg, PA 17105-1661

(717) 787-6134

May 19, 1994

TO:     Mr. A. J. Booth
        Inmate Systems Manager
        U. S. Penitentiary
        Lewisburg, Pa.  17837

Re:  Yonnie Bailey
     SCIG No.  AS0266
     Parole No. 7845-T
Your: No. 46949-066

Dear Sir:

The below-checked paragraph relates to the above-named client.

[ ]  Client was under the supervision of _____ for our Agency.  They have now advised client is confined in your institution following a conviction in _____
_____
_____

[x]  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

[ ]  Advise whether our warrant for violation of parole is on file.

[x]  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

[ ]  Advise client's earliest release date or parole hearing date.

[ ]  Advise client's current status as to a release date or parole re-hearing date.

[ ]  Advise results of client's _____ parole hearing.

[ ]  Notify us approximately 60 days prior to actual release.

[ ]  Our Board has acted to close this case.  Therefore, return our warrant, as we have no further interest.

[ ]  Other:

Very truly yours,

FOR THE BOARD

*S Boyer-Comiskey*

Shirley Boyer-Comiskey
Staff Technician
Interstate Services

sbc
att.



## COMMONWEALTH OF PENNSYLVANIA

**Board of Probation and Parole**
Box 1661 - Harrisburg, Pa. 17120

# WARRANT
### For Arrest of Paroled Prisoner

To any Parole Agent of the Pennsylvania Board of Probation and Parole or any Officer Authorized to Serve Criminal Process or any Peace Officer in the United States of America:

You are hereby authorized to arrest and detain for parole violation Yonnie Bailey _____ Parole No. 7845-T _____, paroled on 12-25-92 _____ from SCI - Graterford _____, under Institution No. AS0266 _____ on the sentence at No. CP 870001979; CP 850702140; CP 870102139; CP 870100980 under the jurisdiction of the Pennsylvania Board of Probation and Parole. For his (or her) arrest and detention this shall be your sufficient warrant.

It is hereby ordered that the said Yonnie Bailey _____ be retaken and returned forthwith to the actual custody within the Pennsylvania _____ enclosure, and we hereby require Heriberto Sanchez _____ an officer of Pa. Board of Probation and Parole _____, to so retake and return Yonnie Bailey _____ and for so doing this shall be sufficient warrant.

Signed and sealed at Harrisburg, Pennsylvania this 8th day of July, 19 93

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE**

_____
Director, Interstate Services
Robert A. Largent

ATTEST: _____
Secretary
James W. Riggs

Warrant No. 7845-T

R. 22

Bailey v. Mendez
Civil Action No. 1:CV-00-2184 (MDPA)

**Declaration of M. Hopple**

# ATTACHMENT  #2

R.  23

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>YONNIE BAILEY<br>(a.k.a. JUAN DEVEAREAUX) | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: 2:93CR00386-1 |
| (Name of Defendant) | ROSSMAN D. THOMPSON<br>Defendant's Attorney |

**THE DEFENDANT:**

[X] pleaded guilty to count(s) 1, 2, and 3

[ ] pleaded nolo contendere to count(s)_____
    which (was) (were) accepted by the court.

[ ] was found guilty on count(s)_____
    after a plea of not guilty.

| Title/Sect | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC §1951(a)<br>§2 | Interference with commerce by robbery<br>Aiding and Abetting | 05/18/93 | 1 |
| 18 USC §924(c)(1) | Use of a firearm during a crime of violence | 05/18/93 | 2 |
| 18 USC §922(g)(1) | Possession of a firearm by a convicted felon | 05/18/93 | 3 |

The defendant is sentenced as provided in pages 1 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____
    and is discharged as to such count(s).

[ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 08/23/63

Defendant's Mailing Address:

PHILADELPHIA DETENTION CENTER
8201 STATE ROAD
PHILADELPHIA          PA 19136

Defendant's Residence Address:

1448 N. ETTING STREET

PHILADELPHIA          PA 19121

cc:  Defendant
     Rossman Thompson, Esquire
     Robert Goldman, Esquire
     Probation (1)
     US Marshal (2)
     Pretrial Services
     Fiscal

03/08/94
Date of Imposition of Judgment

*Norma L. Shapiro*
Signature of Judicial Officer

NORMA L. SHAPIRO
JUDGE USDC EDPA
Name & Title of Judicial Officer

March 10, 1994
Date

R. 24

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 3/10/94

ATTEST: *Madeline O. Arra*
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 132 months.

    60   months on Count(s): 2 (consecutively to 1 and 3)
    72   months on Count(s): 1 and 3

[ ] The court makes the following recommendations to the Bureau of Prisons:

    1.  This sentence is imposed as follows:  72 months on Counts 1 and 3, 60 months on Count 2, to run consecutively.  The 132-month sentence is to run concurrently with any sentence imposed on defendant under state law.

(recommendation text continued on page 2.01)

[X] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.
    [ ] at _____ am/pm on _____ .
    [ ] As notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
    [ ] before 2:00 p.m. on _____ .
    [ ] As notified by the United States Marshal.
    [ ] As notified by the probation office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _03-28-94_ to _U.S. Penitentiary_ at _Lewisburg, PA_, with a certified copy of this judgment.

_E.J. Brennan, Warden_
UNITED STATES MARSHAL

By _Joni L. Badger, Legal Tech._
Deputy Marshal

R. 25

# IMPRISONMENT

(recommendation text continued from page 2)

2.  Defendant has a restitution obligation of $40,000.00  This obligation is imposed jointly and severally with other defendants yet to be indicted with regard to this offense.  Defendant shall begin making payments toward his restitution obligation immediately.

3.  Defendant is in need of a complete physical and neurological evaluation.  Please refer to a report submitted by Gary M. Glass, M.D., dated October 27, 1993, which refers to defendant's being treated with Dilantin three (3) times daily and the need for regular monitoring of defendant's blood levels.  In addition, it would be helpful for him to be placed in a facility where his psychiatric needs could be addressed as well.

R. 26

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 3 years.

   3 years as to Count(s): 1,2 and 3 concurrently

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall not possess a firearm or destructive device. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the schedule of payments set forth in the financial obligation portion of this Judgment. The defendant shall comply with the following additional conditions:

1. Defendant shall, upon his release from custody, spend one year in a half-way house, at the discretion of the court, on work-release.
2. Defendant shall attend and participate in such psychological/psychiatric treatment program(s) as deemed necessary by his probation officer.
3. Defendant shall make restitution payments in the amount of $40,000. This obligation is imposed jointly and severally with any other defendants yet to be charged in this matter. Payments toward this obligation, to begin while defendant is in custody, shall continue upon his release and shall be made on installments as directed by defendant's probation officer. Checks should be submitted to defendant's probation officer, made payable to "Clerk of Court, United States District Court for the Eastern District of Pennsylvania," for forwarding to J. & S. Jewelers.
4. Defendant shall pay a special assessment in the amount of $150, in such installments as directed by his probation officer.
5. Theh probation office shall submit a written report on defendant's progress under supervision every ninety (90) days.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

R. 27

# FINANCIAL OBLIGATIONS

The defendant shall pay the following total financial penalties in accordance with the schedule of
payments set out below:

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 1 | $    50.00 | $    .00 | $    40,000.00 |
| 2 | $    50.00 | $    .00 | $    .00 |
| 3 | $    50.00 | $    .00 | $    .00 |
| **Totals:** | $    150.00 | $    .00* | $    40,000.00 |

(*total printed is the amount entered and not the sum of the counts listed)

## FINE

The fine includes any costs of incarceration and/or supervision.
[X]  The court has determined that the defendant does not have the ability to pay interest in full.
It is ordered that:
[X] The interest requirement is waived.
[ ] The interest requirement is modified as follows:

## RESTITUTION

Each restitution payment shall be divided proportionately among the payees named unless specified in the
priority payment column below.  Restitution shall be paid to the following persons in the following amounts:

| Name of Payee | Amount of Restitution | Priority Order of Payment |
|---------------|-----------------------|---------------------------|
| J. & S. JEWELERS | $    40,000.00 | 1 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:  (1) assessment;  (2) restitution;  (3) fine principal;
(4) fine costs;  (5) interest;  (6) penalties.

The total fine and other monetary penalties shall be paid as follows:
[X]  in full immediately.
[ ]  in full not later than _____ .
[ ]  in installments which the probation officer shall establish and may periodically modify provided
     that the entire financial penalty is paid no later than 5 years after release from incarceration, if
     incarceration is imposed.  If probation is imposed, not later than the expiration of probation.
[ ]  in monthly installments of $ _____ over a period of _____ months.  The probation officer
     may periodically modify the payment schedule, provided the defendant is paid in full in accordance
     with the term specified above.  The first payment is due 30 days after the date of this judgment.
     The second and subsequent payments are due monthly thereafter.

All financial penalty payments are to be made to U.S. Clerk of Court Eastern District of Pennsylvania except those payments made through the Bureau
of Prisons' Inmate Financial Responsibility Program.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment, pursuant
to 18 U.S.C. §3612(f).  All of the above payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

Unless otherwise ordered by the court, any financial penalty imposed by this order shall be due and payable during the period of incarceration, with any unpaid
balance to be a condition of supervised release.  Any financial penalties collected while the defendant is incarcerated shall be reported by the Bureau of Prisons
to the Clerk of the Court and the probation officer.  The probation officer shall notify the United States District Court, the Clerk of the Court, and the United
States Attorney's Office of the payment schedule and any modifications to that schedule.

R. 28

# STATEMENT OF REASONS

[X] The Court adopts the factual findings and guideline application in the presentence report.

## OR

[ ] The Court adopts the factual findings and guideline application in the presentence report except

### Guideline Range Determined by the Court:

Total Offense Level: ___29___
Criminal History Category: ___VI___
Imprisonment Range: ___151___ to ___188___ months and ___60___ months consecutive.
Supervised Release Range: ___2___ to ___3___ years
Fine Range: $ ___150,000.00___ to $ ___150,000.00___
    [X]  Fine waived or imposed below the guideline range, because of inability to pay.
Restitution: $ ___40,000.00___
    [X]  Full restitution is not ordered for the following reason(s):

        The restitution obligation of $40,000.00 is imposed jointly and severally with any restitution obligation which may be imposed on persons yet to be indicted relating to this matter.

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

## OR

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons(s):

## OR

[X] The sentence departs from the guideline range
[X] upon motion of the government, as a result of defendant's substantial assistance.
[ ] for the following reason(s):

R. 29

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YONNIE BAILEY,                    :
                 Petitioner      :
                                 :
            v.                   :   Civil No. 1:CV-00-2184
                                 :   (Judge Caldwell)
JAKE MENDEZ, Warden,             :
                 Respondent      :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in
the Office of the United States Attorney for the Middle District of
Pennsylvania and is a person of such age and discretion as to be
competent to serve papers.

That on March 14, 2001, she served a copy of the attached

**RESPONDENT'S RECORD IN SUPPORT
OF ITS RESPONSE TO HABEAS CORPUS PETITION**

by placing said copy in a postpaid envelope addressed to the person
hereinafter named, at the places and addresses stated below, which
is the last known addresses, and by depositing said envelope and
contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Yonnie Bailey
Reg. No. 46949-066
USP Allenwood
P.O. Box 3000
White Deer, PA 17887


                                 SHELLEY L. GRANT
                                 Paralegal Specialist