Yonnie Bailey
Fed. No. 46949-066
U.S. Penitentiary
P. O. Box 3000
White Deer, Pa. 17887

**ORIGINAL**

FILED
HARRISBURG, PA

MAR 2 3 2001

MARY E. D'ANDREA, CLERK
Per _____
         Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YONNIE BAILEY,                    :
                                  :
              PETITIONER          :        CIVIL NO. 1:CV-00-2184
                                  :
V.                                :
                                  :
JAKE MENDEX, Warden               :
                                  :
              RESPONDENT          :.

---

PETITIONER BAILEY'S REPLY TO THE RESPONDENT'S
RESPONSE TO HIS PETITION FOR WRIT OF HABEAS CORPUS

---

COMES NOW, petitioner pro se, Yonnie Bailey, and respectfully submits his reply to the respondents' response to his petition for writ of habeas corpus:

I.                         PROCEDURAL HISTORY

Petitioner filed the petition for writ of habeas corpus on or about December 15, 2000, while residing at the Federal Penitentiary located White Deer, Pa. 17887. Petitioner filed this action pursuant to Title 28 U.S.C. § 2241. In the petition he states that the Pennsylvania Board of Probration and Parole (hereafter "the Board"), lodged an invalid detainer against him with the Federal Bureau of Prisons. The detainer has added seven custody points to his security level and subjects him to a possible lengthier sentence and it denies him participation in programs which might reduce his sentence.

1

By Order dated February 15, 2001, this Court issued a show cause order to the respondent Jake Mendez, Warden at USP Allenwood, White Deer, Pa. where the petitioner is being held. Respondent was required to file a response by March 7, 2001, but requested a brief enlargement of time and filed on March 14, 2001. Petitioner received the petition on March 19, 2001, via regular mail. The following is petitioner's reply to the Respondent's response to the Show Cause Order.

II.                         FACTUAL HISTORY

a.    Petitioner Yonnie Bailey (hereafter "Petitioner"), was arrested on June 1, 1993, by the FBI in Philadelphia, Pa. Petitioner was charged with Interference with Commerce by Robbery; Aiding and Abetting; Possession of a Firearm by a convicted Felon; and Use of a Firearm During a crime of Violence.

b.    At the time of his arrest petitioner was on parole from his Pennsylvania state sentence in Cases Nos. CP 870001979; CP 850702140; CP 870102139; and CP 870100980.

c.    On June 4, 1993, a detainer was lodged with the United States Marshals in Philadelphia, Pa., on behalf of the Board due to petitioner's arrest. The arrest occured while petitioner was visiting his parole officer.

d.    On January 13, 1994, after having entered a plea of guilty, a Parole Supervisor visited petitioner at the Holmesburg County Jail. The Supervisor informed petitioner that as a result of his comviction by guilty plea he was to be scheduled for a revocation hearing. Further that if he agreed to waive his appearance

2

before the full Board, a revocation hearing would be held on
March 15, 1994., concerning his conviction by guilty plea en-
tered on September 9, 1993. The scheduled revocation hearing was
to take place before a single parole examiner. The revocation
hearing did not take place as scheduled on March 15, 1994; nor
did it take place at anytime within the 120 day time limit.

III.   PETITIONER'S REPLY TO THE ISSUES RAISED BY RESPONDENT

e.    On page 5 , par. 1, of the Response, Respondent stated that
"a revocation hearing could not be scheduled against Bailey until
he was sentenced in federal court. (which occured on March 8, 1994).

The record in this matter demonstrates that no such limitation
is imposed by the Board and that the Parole Supervisor scheduled
petitioner's hearing for revocation when she made her initial
visit on January 13, 1994. It is further obvious that since peti-
tioner was to be sentenced on March 8, 1994, he would have already
have been sentenced when the revocation hearing was to be held on
March 15, 1994. See Exhibit No. 1 (Notice of Parole Violation).

f.    The Respondent further states on page 5, par. 1, of the Respon-
se that "Once sentencing in federal court occurred, the Pennsylvan-
ia Board of Probation and Parole was then allowed to request certi-
fied copies of the documents, ie the warrant, etc., in preparation
for the revocation hearing. Respondent continues in par.2, page 5,
to state "In Bailey's case, the Board was unable to hold the hear-
ing on March 15, 1995, due to not having the necessary certified
documents".

The Board was not required to have certified copies of the afore-
mentioned documents before holding a revocation hearing for petitioner.

The triggering factor for the scheduling of a parolee's revocation hearing is notification of the conviction. The Commonwealth Court of Pennsylvania has consistently ruled that "...it is the date of the Boards receipt of the official verification of the guilty verdict which activates the 120 day period". See Exhibit No. 2, 521 A2d 998, citing Taylor v. Pa. Bd. of Probation and Parole, 43 Pa. Commonwealth Ct. 649, 402 A2d 1153 (1979).

In the matter before the court official notification was received by the Board prompting the Parole Supervisor to come to the Holmesburg County Jail to hold petitioner's initial hearing, on January 13, 1994. When the Supervisor visited petitioner for purposes of holding his initial hearing he was given written notice of the claimed violations of Parole. In reviewing petitioner's Exhibit No. 1 which is the Notice of Parole Violation it lists the Date of Arrest 6/2/93; the Date of Conviction 9/9/93 and the tentative Date of sentence 2/25/94. Therefore, the Board's action was properly triggered by the notice which contained information of the conviction; and he was required to have his hearing within 120 days of said notice. The Board received additional verification by the petitioner admitting his conviction and agreeing to sign a waiver so he could have a timely revocation hearing.

g.   The Board requested a continuance after it failed to hold petitioner's hearing as scheduled. The Request for Continuance Exhibit No. 3   lists as the Board's reason for the continuance; that petitioner was in a federal prison. However, we see by the Respondent Mendez's supporting declaration of Michelle R. Hopple, that petitioner was not transfered until after the date for the scheduled hearing. The offi-

4

cials at the Holmesburg County Jail kept petitioner there until the March 15, 1994, date in order for him to have his revocation hearing. According to Ms. Hopple's declaration on page R 15, no. 12, petitioner was not transfered until after the date for the hearing on March 17, 1994. Thus his transfer to Federal Correctional Institute in Fairton, New Jersey was to take place after the heairng on March 15, 1994. The Board scheduled petitioner for the hearing on March 15, 1994, with the officials of the Holmesburg County Jail and thereby in effect put a hold on him for the purpose of holding his hearing while, he was in state custody.

h.   Petitioner was available to the Board on the scheduled date for the hearing. According to the Board's rules and regulations whenever the Board itself requests the continuance; it does not waive the 120 day requirement. The 120 day requirement could only have been waived had petitioner made the request for continuance.

j.   Respondent also provided a declaration from K. Michael Sullivan wherein he stated on page R.3, no. 6, that "On March 14, 2001 I conducted a search of the records to determine whether or not the petitioner had exhausted available administrative remedies regarding the issues he raised in his petition". On page 9, par. 1 , of the Response, Respondent Mendez stated "A habeas corpus petitioner cannot take it upon himself to deliberately decide to bypass available administrative remedies and instead proceed directly to court... Therefore, a petition should be dismissed for failure to exhaust administrative remedies".

Respondent's argument is totally without merit. Under the Exhaustion principle, absent valid excuse, a prisoner must first pre-

sent all federal claims to state court before the district court may entertain a federal habeas petition. See Coleman v. Thompson, 501 US 722, 115 LEd2d 640, 111 S. Ct. 2546 (199). Petitioner has presented his claims to the state court which proved to be ineffective. See Petition for Writ of Habeas Corpus page 5-6, sections 11-13(a). Any prisoner seeking injunctive relief which lessens period of confinement must bring claim in a habeas corpus petition. See Gwin v. Snow, 870 F2d 616 (11th Cir. 1989). Therefore, petitioner was correct in filing his petition to prevent the Board from acting on an invalid detainer which could increase the length of his incarceration considerablly.

Exhaustion of administrative remedies is not required where it would be futile to do so. See Tallahassee Memorial v. Cook, 109 F.3d 693 (11th Cir. 1997); and McCarthy v. Madigan, 503 US ___, 117 LEd2d 291, 112 S. Ct.____, (1992); and Graham v. Johnson, 94 F3d 958 (5th Cir. 1996). Respondent Mendez, USP Allenwood warden admits on page 6, par. 11 of the Response that "The Federal Bureau of Prisons has no authority over the Pennsylvania Board of Probation and Parole and its actions in this case". Also on page 10 of the Response which is unnumbered Mendez states in the last 5 lines that the Federal Bureau of Prisons has no authority over the Pennsylvania Board of Probation and Parole. Thus by Respondents own admittance, his argument that petitioner should have exhausted available administrative remedies would have been totally futile. And it would have been futile to require exhaustion with Pa. State agencies because the Board has no internal appeal process.

6

k.    Respondent further claims that "Additionally, Inmate Systems Management Staff have been informed by the Pennsylvania Board of Probation and Parole that Bailey should address this issue with State Authorities. Specifically, staff were advised that Bailey should send a letter to the Chief Commander of the Pennsylvania Board of Probation and Parole".

Prior to initiating his action in the state court petitioner wrote numerous letters to Board officials concerning the detainer; and the Board's failure to abide by it's own 120 day rule. Petitioner wrote to the following Board officials:

1.    Robert Largent
      Director Interstate Services
      Pa. Bd. Probation and Parole
      3101 North Front Street
      Harrisburg, Pa. 17105

| Dates of Correspondance | Exhibit No. |
|---|---|
| May 27, 1994 | 4 |
| November 25, 1998 | 5 |
| January 4, 1999 | 6 |

2.    Marlin Foulds
      Director Interstate Services
      Pa. Bd. of Probation and Parole
      1101 South Front Street
      Harrisburg, Pa. 71104

| Dates of Correspondance | |
|---|---|
| January 26, 1999 | 7 |
| March 8, 1999 | 8 |

3.    James Robinson
      Director Office of Probation
      and Parole Services
      1101 South Front Street, Suite 5800
      Harrisburg, Pa. 17104

Dates of Correspondance       Exhibit No.

April 19, 1999          9

Since 1994, when petitioner wrote his first letter to the Board offices in an attempt to resolve this invalid detainer he has received only two response. Each response was a form letter that did not address his claims. Petitioner received a letter from Robert Largent dated June 20, 1994, and attached as Exhibit No. 10. Petitioner also received a letter from Syed Ali, Parole Manager for the Pa. Bd. of Probation and Parole, dated July 29, 1999. This letter was inadvertently lost.

IV.            DUE TO THE INVALID DETAINER PETITIONER
          FACES AN INHERENTLY LENGTHIER INCARCERATION

Due to the dillatory practices of the Pa. Bd. of Probation and Parole, the petitioner faces an inherently lengthier incarceration. Respondent Mendez states on page 1 of his Response "Based on this invalid detainer Bailey alleges that the Bureau of Prisons has added seven points to his custody classification, subjecting him to a "possible lengthier sentence". And it denies him participation in programs which might reduce his sentence".

Neither Respondent Mendez nor the Board deny that the invalid detainer is being used to "up" petitioner's custody points or that this will deny him program participation that may reduce his incarceration; or that the detainer will subject him to a inherently lengthier period of incarceration. The only declaration offered by Respondent came from Bureau of Prisons record office personnel. And those two declaration are based upon heresay knowledge and are not factual.

V.        THE DETAINER IS NOT APPROPRIATELY ADDRESSED

BY THE PA. BD. OF PROBATION AND PAROLE

Petitioner had a due process right to a timely revocation hearing under Pennsylvania Board of Probation and Parole rules and regulations; and usage of such rules and regulations. Under the Board's rules once petitioner's conviction was officially received and his initial hearing was held; he had a right to a revocation hearing within 120 days. The 120 days not being tolled when the Board is the requestor of the continuance. The State of Pennsylvania is not obliged by Constitution to parole its prisoners, but having done so, it is obliged to afford them due process when it revokes parole. See DeWitt v. Ventetoulo, 6 F3d 32 (1st Cir. 1993). A States statutes, rules and regulations can create a constitutionally protected liberty interest in parole. See Patton v. North Dakota Parole Board, 783 F2d 140 (8th Cir. 1986). Petitioner's Due Process Rights were created with the implementation of the Board's rules and regulations; and he has a constitutional right to their protection.

Petitioner has a liberty interest in his parole and thus his due process protections apply to his parole revocation proceeding. See Bennett v. Bogan, 66 F3d 812 (6th Cir. 1995). The Respondent has not factually refuted petitioner's assertions and claims. Therefore the court should accept petitioner's allegations in his pleading as true. See Cooper v. Pate, 398 US 546, 12 LEd2d 1030, 84 S. Ct. 1733 (1969). Petitioner has a right to injunctive relief to prevent the Board from maintaining further action upon the invalid

9

detainer. The Board is required to follow its own rules and regulation concerning its 120 day activation rule based upon notice of the conviction. See Cherokee Nation of Oklahoma v. Babbitt, 117 F3d 1489 (D.C. Cir. 1997). The Board's negligence and malfeasance in carrying out its responsibilities should in no way weigh against petitioner. Difficulties in applying a rule does not mean that it should be disregarded. See Roby v. Dept. of Navy, 76 F3d 1052. The Board had several options open to it for the conducting of petitioners hearing within the 120 day Pa. Board time limit once the intitial hearing was conducted and the time period began to run. The Board could have requested petitioners return to the Holmesburg County Jail. An examiner could have driven to FCI Fairton to hold his revocation hearing. Or the Board could have arranged with the institution which has teleconferencing abilities to conduct the hearing by teleconferencing.

VI.                    SUMMATION OF ARGUMENT

The Board lost its jurisdiction over the petitioner when it failed to hold petitioner's scheduled revocation hearing on March 15, 1994; and failed to reschedule him within the 120 day time period triggered by his initial hearing acknowledging his conviction on September 9, 1993. The petitioner adhered to all rules and procedures that the 120 day time period mandated. Petitioner even signed a waiver of the full Board, to be seen by a single examiner to insure that he would be scheduled for a timely hearing. The Board's rules clearly state that if a scheduled revocation hearing is not held within a 120 day period, and the delay is not contributed to the parolee; the proper recourse is to reinstate parolee's parole.

10

No matter what an agency has said in the past, or what it did not say, after an agency issues regulations, it must abide by them. See Schering Corp. v. Shalala, 995 F2d 1103 (D.C. Cir. 1993). Plain and simple the Pennsylvania Board of Probation and Parole had a responsibility to petitioner's due process rights; to hold his revocation hearing within 120 days of his intitial hearing where the Parole Supervisor presented petitioner with evidence of verification of his September 9, 1993, conviction. The Board did not follow its own rules and have defaulted on their jurisdiction over the detainer and revocation for these specific parole violations.

VII.                    CONCLUSION

For the aforementioned reasons, those raised in the original petition for writ of habeas corpus, and the petitioner's exhibits the petition for writ of habeas corpus should be granted. This reply is being submitted pursuant to Haines v. Kerner, 404 US 519, 30 LEd2d 652, 92 S. Ct. 594 (1972) requesting the court to take into consideration any case law or statute favorable to the petitioner in deciding this matter.

VIII.                    VERIFICATION

This reply is being signed under penalty of perjury attesting to the facts being true contained herein to the best of petitioner's knowledge, information and belief. And for purposes of refuting the declarations by BOP staff and the response.

Respectfully submitted,

Yonnie Bailey          Date 3/21/01

Yonnie Bailey

11

## CERTIFICATE OF SERVICE

I do hereby certify that a true copy of the aforegoing petitioner's reply to the respondents response to petition for writ of habeas corpus was mailed first class postage prepaid to AUSA Matthew E. Haggerty, Federal Bldg., 228 Walnut St., Box 11754, Harrisburg, Pa. 17108, this 21st day of March, 2001., along with copies of all exhibits attached hereto.

_Yonnie Bailey_
Yonnie Bailey

## LIST OF EXHIBITS

1. NOTICE OF PAROLE VIOLATIONS
2. TARRANT V. COMMONWEALTH OF PA. BD. PROBATION AND PAROLE
3. BOARD'S REQUEST FOR CONTINUANCE
4. RESPONSE TO PETITIONER'S MAY 27, 1994 LETTER TO LARGENT
5. LETTER TO LARGENT DATED NOVEMBER 25, 1998
6. LETTER TO LARGENT DATED JANUARY 4, 1999
7. LETTER TO MARLIN FOULDS DATED JANUARY 26, 1999
8. LETTER TO MARLIN FOULDS DATED MARCH 8, 1999
9. LETTER TO JAMES ROBINSON DATED APRIL 19, 1999
10. LETTER FROM LARGENT TO BAILEY DATED JUNE 20, 1994

12

**PBPP-340 (10/88)**

Name  YONNIE BAILEY                     Date  1/13/94

Parole No. 7845-T    Photo No.  594 974     PCP No. HOLMESBURG
                                                        93-06-1837

You are charged with the following:

NEW CRIMINAL CONVICTION:

Eastern District of PA Federal Court, U.S. Code Sections 1951 and 924C – Robbery
and Possession of Firearm, convicted felon.

Date of Arrest:  6/2/93
Date of Conviction:  9/9/93
Date of Sentence:  2/25/94 (pending)

As a result, a _____ REVOCATION _____ hearing will be held.
Your rights for this hearing are indicated on the reverse side.

Hearing Date and Time:   3/15/94

Public Defender: PHILADELPHIA COUNTY                    10:00 AM
121 N. Broad Street
Phila., PA  19107                 Location:   PHILADELPHIA COUNTY PRISON

                                        _Samuel Bishop_ for L. Doriety
                                              Signature

                      Parole Agent II
                                              Title

sub:1/13;typ:1/13/94–ims        EXHIBIT NO. 1

**996 Pa.**    **531 ATLANTIC REPORTER, 2d SERIES**

C.D. 1984, Kalish, Senior Judge, held that the police officer who informed motorist of consequences of motorist's failure to submit to breathalyzer test was not required to specifically state exact length of time that his driving privilege would be suspended; officer warned motorist in event of refusal he would be suspended for six months instead of one year. 75 Pa.C.S.A. § 1547.

Reversed.

Automobiles ⚮144.1(1)

Police officer who informed motorist of consequences of motorist's failure to submit to breathalyzer test was not required to specifically state exact length of time that his driving privilege would be suspended; officer warned motorist in event of refusal he would be suspended for six months instead of one year. 75 Pa.C.S.A. § 1547.

Harold H. Cramer, Harrisburg, for appellant.

Patrick McFalls, Pittsburgh, for appellee.

Before CRUMLISH, Jr., President Judge, DOYLE, J., and KALISH, Senior Judge.

KALISH, Senior Judge.

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Kenneth Richard Miller (appellee) from suspension of his operating privileges. We reverse, and reinstate appellee's license suspension.

The trial court, in its opinion sustaining the appeal, made the single statement that the appellee was not properly informed of the consequences of his refusal to take a breathalyzer test. Although the trial court made no other findings of fact, appellee did contend that he was very intoxicated and tired and does not remember being informed about the test.

Testimony in the record revealed that the officer did warn appellee that in the event of a refusal to submit he would be suspended for six months instead of one year. Thus, the

1. Section 1547 of the Vehicle Code (Code), 75 Pa.C.S. § 1547.

issue involved on review is whether the trial court made an error of law in holding that the police officer, in informing licensee of the consequences of his failure to submit to the test, must specifically state the exact length of time that his driving privilege will be suspended.

In *Department of Transportation, Bureau of Traffic Safety v. Sinwell,* 68 Pa. Commonwealth Ct. 605, 450 A.2d 235 (1982), this court said:

We note that nowhere in Section 1547[1] or the Code, is there any explicit requirement mandating a warning to a motorist of the exact length of his suspension if he fails to submit to a breathalyzer test. Instead, Section 1547(b)(2) [of the Code] simply provides that a motorist is to be warned that his or her "operating privilege will be suspended or revoked upon refusal to submit to a chemical test."

In *Department of Transportation, Bureau of Traffic Safety v. March,* — Pa. Commonwealth Ct. —, 515 A.2d 661 (1986), this court held that where a driver is properly warned that his failure to submit to a breathalyzer test would result in a suspension of his license, an erroneous, extraneous remark by the police officer will not negate the validity of the warning. We believe that the court of common pleas in this case erred as a matter of law in concluding otherwise.

Furthermore, it has been well established that excessive intoxication is not a defense to a refusal to take a breathalyzer test. *Walkhour v. Department of Transportation,* 74 Pa.Commonwealth Ct. 458 A.2d 1066 (1983).

Accordingly, we reverse the trial court and reinstate appellee's license suspension.

ORDER

NOW, March 4, 1987, the order of the Court of Common Pleas of Allegheny County, No. SA 839 of 1983, dated April 17, 1984, is reversed, and the license suspen-

2. Given our interpretation of 37 Pa.Code § 71.4 in this case, see note 4, we find the scheduling of

---

**TARRANT v. COM., PROBATION & PAROLE BD.    Pa. 997**
Cite as 531 A.2d 997 (Pa.Cmwlth. 1987)

sion of Kenneth Richard Miller is reinstated.



James TARRANT, Petitioner,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 15, 1986.

Decided March 5, 1987.

Parolee recommitted as a technical and convicted parole violator requested administrative relief. The state Board of Probation and Parole concluded that violation-revocation hearing complied with applicable 120-day time limits and affirmed recommitment order. The Commonwealth Court, Nos. 2795 C.D. 1986 and 3472 C.D. 1985, Blatt, Senior Judge, found that hearing was timely.

Affirmed.

1. Pardon and Parole ⚮84

Date of parole board's receipt of official verification of guilty verdict for convicted parole violator activated 120-day period for violation-revocation hearing, notwithstanding parole agent's personal knowledge of guilty verdict before board's receipt of official verification.

2. Pardon and Parole ⚮84

One hundred and twenty-day period with respect to technical violations began to run with board's receipt of official verification of guilty verdict where convicted parole violator requested continuance of his violation hearing until disposition of new charges.

Scott F. Breidenbach, Norristown, for petitioner.

Robert Greevy, Arthur R. Thomas, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and BLATT, Senior Judge.

OPINION

BLATT, Senior Judge.

James Tarrant (petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied his petition for administrative relief.

On May 2, 1982, the petitioner was paroled from a sentence of five to twelve years on a burglary conviction. While on parole, he was arrested on new criminal charges (new charges). The Board lodged a detainer against him, charging him with parole violations based on the new charges, as well as several technical parole violations which were unrelated to the new charges. On February 7, 1984, the petitioner, who had waived his preliminary and detention hearing, requested that his Violation-Revocation hearing, which was scheduled for that day, be continued to "CFV" (continued until further notice), pending the disposition of the new charges.

1. The petitioner filed two petitions for administrative relief, one as of June 5, 1985 and the order in November 1985. The Board's action as scheduled. The Board's action continued as the petitioner's, 1984 hearing was granting of those charges, however, we believe that any inconsistency or error caused by such scheduling, if indeed it was error to do so, must be considered to be harmless.

months.

Upon the petitioner's request for administrative relief, the Board ordered a re-hearing solely for the purpose of deciding whether or not the March 7, 1985 hearing complied with the applicable 120 day time limits.[3]

After a hearing, the Board concluded that the March 7, 1985 hearing was timely and affirmed its recommitment order. And, as noted, the Board subsequently upheld the timeliness of the March 7, 1985 hearing and the propriety of its recommitment order on a second petition for administrative relief.

[1,2] While conceding that any delay attributable to his continuance request cannot be included in the calculation of the 120 day period, the petitioner argues, however, that, insomuch as his parole agent admitted, at the timeliness hearing, to personal knowledge of the October 31, 1984 guilty verdict as of October 31, 1984, the relevant period should run from that date, not De-

ember 10, 1984, the date on which the Board received the official verification. If this argument were to be accepted, the last timely hearing would have been March 1, 1985. We must decline to accept this argument, however, because we have previously held in regard to convicted parole violators that it is the date of the Board's receipt of the official verification of the guilty verdict which activates the 120 day period. *Taylor v. Pennsylvania Board of Probation and Parole*, 48 Pa.Commonwealth Ct. 649, 402 A.2d 1166 (1979). Moreover, we must also conclude that, insomuch as the petitioner requested a continuance of the March 7, 1985 hearing, as well as of the disposition of the new charges, the 120 day period, with respect to the technical and convicted parole violations, did not begin to run with the Board's receipt of the official verification.

We hold, therefore, that with respect to the technical and convicted parole violations, the petitioner's March 7, 1985 hearing was timely.

Accordingly, we will affirm the Board's order.

ORDER

AND NOW, this 5th day of March, 1987, the petition for review in the above-captioned matter filed at No. 2795 C.D. 1985 is denied, and the order of the Pennsylvania Board

of Probation and Parole dated October 7, 1985 is dismissed as being moot.

ORDER

No. 3472 C.D. 1985

AND NOW, this 5th day of March, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter, dated November 18, 1986, is affirmed.



Susan THOMAS, Petitioner,

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued on Briefs Nov. 18, 1986.

Decided March 5, 1987.

Claimant sought unemployment compensation benefits after leaving work due to bursitis. The Unemployment Compensation Board of Review affirmed referee's denial of benefits, and claimant petitioned for review. The Commonwealth Court, No. 609 C.D. 1985, Craig, J., held that finding that claimant sought to discourage job offer was improper where evidence indicated that claimant supplied information regarding her bursitis condition only after it was requested of her both in employment application and in interviewer's questions.

Reversed.

Kalish, Senior Judge, dissented and filed opinion.

1. The claimant does not contend that the labor or position was not suitable employment.

Cite as 521 A.2d 999 (Pa.Cmwlth. 1987)

Social Security and Public Welfare ⚖=388

Finding that claimant sought to discourage job offer was improper where evidence indicated that claimant supplied information regarding her bursitis condition only after it was requested of her both in employment application and in interviewer's questions. 43 P.S. § 802(a).

Richard E. Threaker, Bullett, Schultz & Threaker, Gettysburg, for petitioner.

James K. Bradley, Assoc. Counsel, Paul E. Baker Acting Deputy Chief Counsel, Harrisburg, for respondent.

Before CRAIG and BARRY, JJ., and KALISH, Senior Judge.

CRAIG, Judge.

Claimant Susan Thomas petitions for review of an order of the Unemployment Compensation Board of Review affirming a referee's decision which had denied benefits. We reverse.

The claimant had worked as a presser at MD Sportswear until January 28, 1984, when she relinquished that job because of a back problem. The Office of Employment Security awarded unemployment compensation benefits because the employer did not have available work, which did not aggravate the claimant's physical condition.

Although the claimant's job coding was as a janitor and maintenance repair worker, the Office of Employment Security referred her to Mountain Orchards Co-Op for prospective employment as a laborer on October 19, 1984. After Mountain Orchards had interviewed the claimant and decided to offer her the laborer job, the referee denied benefits on the basis that the claimant had failed to apply properly for suitable work, citing section 402(a) of the Unemployment Compensation Law.[1]

An employee shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such

---

3. With respect to technical parole violators, the Board's regulation, 37 Pa.Code § 71.2(11), provides for a hearing within 120 days of the preliminary hearing. The applicable Board regulation as to convicted parole violators, under the circumstances of this case, 37 Pa.Code § 71.4(2), requires the Board to hold the hearing within 120 days of the date on which it receives official verification of the guilty verdict. 37 Pa.Code § 71.5(3)(2), however, excludes from the determination of the period for conducting the above-described hearings, any delay due to a continuance granted at the defendant's (petitioner's) request.

4. Our review here is limited to determining whether or not the Board committed errors of law, violated constitutional rights or whether or not its findings of fact are supported by substan-

tial evidence. *Estate of McGovern v. State Employee's Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986); *Cameron v. Pennsylvania Board of Probation and Parole*, 90 Pa.Commonwealth Ct. 580, 496 A.2d 419 (1985).

5. 37 Pa.Code § 71.2, which supplies the procedures for the Board's handling of technical parole violations, consistently and repeatedly refers to the "violation hearing" in regard thereto and 37 Pa.Code § 71.4 consistently and repeatedly employs the term "revocation hearing" in regard to parole violations which involve new criminal parole charges. We believe, therefore, that the terms have the same meaning and that such parole context and that the petitioner's request for a continuance related to both the technical and the new charges.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(a). That section provides, in pertinent part:

PBPP-29 (8/85)

## REQUEST FOR CONTINUATION OF HEARING

Reasonable continuances for any hearing may be granted upon cause
shown. However, in determining the period of conducting the final
hearings, there shall be excluded therefrom such period of delay
at any stage of the proceedings as a result from: (1) the unavaila-
bility of the defendant or his attorney; or, (2) any continuance
granted at the request of defendant or his attorney; or, (3) reasonable
or necessary continuances granted to, or occurrences related to, the
Board or its employees. (37 Pa. Code Section 71.5)


CLIENT: _Younie Bailey_        PAROLE NO. _____

HEARING DATE: _3-15-94_ LOCATION: _Phila. Co. Prison_

I request that the _Rev_ _____ Hearing be continued

from _3-15-94_ :

( ) To _____ (Date and Time)

(X) Until further written notice
    (To be rescheduled at request of parolee)


For the following reason(s):

( ) To secure counsel representation.

( ) To further review the case with counsel.

( ) To await outcome of criminal preliminary hearing.

( ) To await disposition of all outstanding criminal charges.

(X) Unavailability of parolee.

( ) Unavailability of agent.

( ) Unavailability of witnesses.

( ) Failure of subpoenaed witnesses to attend.

(X) Other (Specify): _Client in Federal Prison_

_____

_____


REQUESTOR _____ DATE _____

WITNESS _____ 3-15-94 _Merrill Allen_ 3-15-94
                        DATE HEARING EXAMINER      DATE

EXHIBIT NO. 2



COMMONWEALTH OF PENNSYLVANIA
**Board of Probation and Parole**

P.O. Box 1661
3101 North Front Street
Harrisburg, PA 17105-1661
(717) 787-6134

June 20, 1994

TO: Yonnie Bailey #46949-066
P.O. Box 1000
Lewisburg, PA 17837

SCIG No. AS0266
Parole No. 7845T

FROM: Robert A. Largent
Director
Interstate Services

This will acknowledge your undated letter received on 5/27/94.

You are not available to the Board for your hearing until you are returned to a state correctional institution.

Immediately upon return to that type of facility, advise the Board so you can be scheduled for your hearing.

I trust this answers your inquiry.

RAL:slr

EXHIBIT NO. 4

An Equal Employment Opportunity Employer

Accredited by the Commission on Accreditation for Corrections/American Correctional Association

Yonnie Bailey
Fed. Reg. No. 46949-066
3901 Klein Blvd.
Lompoc, Ca. 93436

November 25, 1998

Ref: Parole No.
7845T

Robert A. Largent
Director
Interstate Services
3101 North Front Street
Harrisburg, PA. 17105

Dear Mr. Largent,

This letter is in reference to the detainer that the Pennsyl-
vania Parole Board presently has lodged against me in the hope that
you will assist me in getting it lifted.

In July of 1985 I was arrested by the Philadelphia Police De-
partment on a robbery charge and released on bail.

In December of 1986 I was arrested in Philadelphia County on a
warrant from Bucks County.

I was tried and convicted on the Bucks County charges and sen-
tenced to five (5) to ten (10) years in state prison.

While serving the initial sentence I was returned to Philadelphia
County where I entered a guilty pleas to the outstanding charges I had
there. I was subsequently sentenced to an additional eighteen (18)
months to five (5) years.

Upon returning to Graterford State correctional Institution, of-
ficials there aggregated the two sentences for a new sentences of six
and one half (6½) years to fifteen (15) years. I was eventually paroled
on December 25, 1992.

On June 1, 1993, I was arrested on a federal robbery warrant and
transfered to the Phildelphia Detention Center. I remained there for
approximately two (2) months and was then moved one block to the Holmes
burg County Jail where I remained for eight month until May 1994.

EXHIBIT NO. 5-1

On January 13,1994 a Parole Agent Supervisor visited me at the
Holmesburg County Jail an informed me that I was in violation of
my parole due to my conviction on the Federal charges. I then si-
gned a waiver form indicating my desire to have a revocation hear-
ing held before a hearing examiner as opposed to being seen by the
full board. As a result of this action a revocation hearing was
scheduled for March 15,1994 but never offically held.

Due to the detainer lodged by the Pennslyvania Parole Board
I have received an additional seven (7) custody security points
from the Federal Bureau of Prisions. This determines my eligibility
for educational and meritorious good time credit that could effect
both the length and durationof my sentence.

I remain the subject of this state detainer due to the Board of
Probation and Parole's failure to hold my hearing within a pre-
scribed period of time according to 37 Pa. code§ 71.4(1) (ii), (4),
71.2(10). The Board of Probation and Parole scheduled my hearing
within the one hundred and twenty (120) day required time period
but, never held the hearing for me. When the date of the scheduled
hearing march 15,1994 passed an I was not presented to the Parole
examiner I asked my Attorney to inquirer into this reason. My At-
torney informed me that the Board of Probation and Parole were
claiming that I was in a Federal Facility. At this time and all
relevant times I remained housed at the Holmesburg County Jail.

The Pennsylvania Board of Probation and parole lost jurisdic-
tion over this matter when I waived my right to a full board hear-
ing an said hearing was notheld within the mandated one hundred
and twenty (120) day period.

The examiner was in error in submitting to the record a request
for continuation stating that I was in ("Federal Prison"), because
I was not in Federal Prison, I remained housed at the Holmesburg
County Jail on March 15,1994.

I was legally within the jurisdiction and authority of the Penn-
sylvania Board of Probation and Parole while  housed within the state
in a county jail on march 15,1994

EXHIBIT NO. 5-2

I have just completed a two (2) year Vocational Barber Course which resulted in my receiving my California Barbers License on November 20,1998. I have an interest in pursuing other educational and vocational schooling but I am prevented from doing so because of this detainer.

I ask that you look into the facts as I have presented them an follow the appropriate administrative procedures an release me from the boards detainer.

Respectfully submitted for your information and action.

Sincerely

Yonnie Bailey

cc:file

EXHIBIT NO. 5-3

Yonnie Bailey
Fed. Reg. No. 46949-066
3901 Klein Blvd.
Lompoc, Ca 93436

January 4, 1999

Robert A. Largent
Director
Interstate Services
3101 North Front Street
Harrisburg, Pa 17105

Dear Mr. Largent,

    Attached hereto is a copy of a letter I mailed you on November 25,1998. To date neither you nor any member of your office has acknowledged its receipt. Therefore, please respond acknowledging its receipt; and the status of any effort being made to resolve the Pennsylvania Parole Boards detainer lodged against me.

    Respectfully submitted for your information and appropriate action.

Sincerly

*Yonnie Bailey*
Yonnie Bailey

cc:file

EXHIBIT NO. 6

Yonnie Bailey
Fed. Reg. No. 46949-066
3901 Klein Blvd.
Lompoc, Ca 93436


January 26,1999


Ref:Parole No.
7845T


Marlin Foulds
Director
Interstate Services
1101 South Street
Harrisburg, Pa 17104


Dear Mr. Foulds

    This letter is in reference to the detainer that the Pennsylvania Parole Board presently has lodged against me in the hope that you will assist me in getting it lifted.

    In July of 1985 I was arrested by the Philadelphia Police Department on a robbery charge an released on bail.

    In December of 1986 I was arrested in Philadelphia County on a warrant from Bucks County.

    I was tried and convicted on the Bucks County charges and sentenced to five (5) to ten (10) years in state prison.

    While serving the initial sentence I was returned to Philadelphia County where I entered a guilty pleas to the outstanding charges I had their. I was subsequently sentenced to an additional eighteen (18) months to five (5) years.

    Upon returning to Graterford State Correctional Institution, officials there aggregated the two sentences for a new sentence of six and one half (6½) years to fifteen (15) years. I was eventually paroled on December 25,1992.

    On June 1, 1993 I was arrested on a federal robbery warrant and transfered to the Philadelphia Detention Center. I remained there for approximately two (2) months and was then moved one block to the Holmesburg County Jail where I remained for eight (8) months until May 1994.

EXHIBIT NO. 7-1

On January 13,1994 a Parole Agent Supervisor visited me at the Holmesburg County Jail an informed me that I was in violation of my parole due to my conviction on the Federal charges. I then signed a waiver form indicating my desire to have a revocation hearing held before a hearing examiner as opposed to being seen by the full board. As a result of this action a revocation hearing was scheduled for March 15,1994 but never offically held.

Due to the detainer lodged by the Pennslyvania Parole Board I have received an additional seven (7) custody security points from the Federal Bureau of Prisions. This determines my eligibility for educational and meritorious good time credit that could effect both the length and durationof my sentence.

I remain the subject of this state detainer due to the Board of Probation and Parole's failure to hold my hearing within a prescribed period of time according to 37 Pa. code§ 71.4(1) (ii), (4), 71.2(10). The Board of Probation and Parole scheduled my hearing within the one hundred and twenty (120) day required time period but, never held the hearing for me. When the date of the scheduled hearing march 15,1994 passed an I was not presented to the Parole examiner I asked my Attorney to inquirer into this reason. My Attorney informed me that the Board of Probation and Parole were claiming that I was in a Federal Facility. At this time and all relevant times I remained housed at the Holmesburg County Jail.

The Pennsylvania Board of Probation and parole lost jurisdiction over this matter when I waived my right to a full board hearing an said hearing was notheld within the mandated one hundred and twenty (120) day period.

The examiner was in error in submitting to the record a request for continuation stating that I was in ("Federal Prison"), because I was not in Federal Prison, I remained housed at the Holmesburg County Jail on March 15,1994.

I was legally within the jurisdiction and authority of the Pennsylvania Board of Probation and Parole while  housed within the state in a county jail on march 15,1994

EXHIBIT NO. 7-2

I have just completed a two (2) year Vocational Barber Course
which resulted in my receiving my California Barbers License
on November 20,1998. I have an interest in pursuing other edu-
cational and vocational schooling but I am prevented from doing
so because of this detainer.
I ask that you look into the facts as I have presented them an
follow the appropriate administrative procedures an release me
from the boards detainer.

Respectfully submitted for your information and action.


Sincerely

cc:file


EXHIBIT NO. 7-3

Yonnie Bailey
3901 Klein Blvd
Lompoc, Ca 93436

March,8 1999

Marlin Foulds
Director
Interstate Services
1101 South Front Street
Harrisburgh,Pa 17104

Dear Mr. Foulds,

    Attached hereto is a copy of a letter I mailed to you on
January 26,1999. to date neither you nor any member of your
office has acknowledged its receipt. therefore, please respond
acknowledging its receipt; and the status of any effort being
made to resolve the Pennsylvania Parole Boards detainer lodg-
ed against me.

    Your assistance in this matter is very much appreciated.

Sincerely,

Yonnie Bailey

cc:File

EXHIBIT NO. 8

Yonnie Bailey
3901 Klein Blvd
Lompoc,Ca 93436

April 19,1999

Re:Parole No.
7845T

James Robinson
Director of Office of
Probation and Parole Services
1101 South front street
suite 5800
Harrisburg,Pa 17104-2538

Dear Mr. Robinson;

Enclosed is a copy of the initial and follow up letters I for-
warded to Mr.Marlin Foulds,Director of Interstate Services.

My initial letter informed Mr.Foulds that I had initiated a
revocation hearing in accordance to 37 Pa code§ 71.4(1)(ii) and
said hearing was never held.

Since the failure to conduct said hearing was the sole responsi-
bility of the Pennsylvania Parole Board, I requested of Mr. Foulds
to investigate the allegations I had set forth an if proven to be
true to release me from  the Pennsylvania Parole Board detainer.

As of this writing Mr.Foulds or any one from his office has not
contacted me as to what if anything has been done to address my al-
legations, therefore, I ask that your office intervene in this mat-
ter an determine if said allegations are true.

If proven to be true, I again request the removal of the Penn-
sylvania Parole Board detainer presently lodged against me.

If said allegations are unfound, I than request of you to for-
ward the findings to me.

Your prompt reply will be greatly appreciated

Sincerely

Yonnie Bailey          EXHIBIT NO.  9

Yonnie Bailey
Fed. Reg. No. 46949-06
3901 Klein Blvd.
Lompoc, Ca 93436


January 26,1999


Ref:Parole No.
7845T


Marlin Foulds
Director
Interstate Services
1101 South Street
Harrisburg, Pa 17104


Dear Mr. Foulds

This letter is in reference to the detainer that the Pennsylvania Parole Board presently has lodged against me in the hope that you will assist me in getting it lifted.

In July of 1985 I was arrested by the Philadelphia Police Department on a robbery charge an released on bail.

In December of 1986 I was arrested in Philadelphia County on a warrant from Bucks County.

I was tried and convicted on the Bucks County charges and sentenced to five (5) to ten (10)  years in state prison.

While serving the initial sentence I was returned to Philadelphia County where I entered a guilty pleas to the outstanding charges I had their. I was subsequently sentenced to an additional eighteen (18) months to five (5) years.

Upon returning to Graterford State Correctional Institution, officials there aggregated the two sentences for a new sentence of six and one half (6½) years to fifteen (15) years. I was eventually paroled on December 25,1992.

On June 1, 1993 I was arrested on a federal robbery warrant and transfered to the Philadelphia Detention Center.  I remained there for approximately two (2) months and was then moved one block to the Holmesburg County Jail where I remained for eight (8)  months until May 1994.

EXHIBIT NO. 9-1

On January 13,1994 a Parole Agent Supervisor visited me at the Holmesburg County Jail an informed me that I was in violation of my parole due to my conviction on the federal charges. I then signed a waiver form indicating my desire to have a revocation hearing held before a hearing examiner as opposed to being seen by the full board. As a result of this action a revocation hearing was scheduled for March 15,1994 but never officially held.

Due to the detainer lodged by the Pennsylvania Parole Board I have received an additional seven (7) custody security points from the Federal Bureau of Prisons. This determines my eligibility for educational and meritorious good time credit that could effect both the length and duration of my sentence.

I remain the subject of this state detainer due to the Board of Probation and Parole's failure to hold my hearing within a prescribed period of time according to 37 Pa. code§ 71.4(1)(ii),(4), 71.2(10). The Board of Probation and Parole scheduled my hearing within the one hundred and twenty (120) day required time period but, never held the hearing for me. When the date of the scheduled hearing March 15, 1994 passed an I was not presented to the Parole examiner I asked my Attorney to inquirer into the reason. My Attorney informed me that the Board of Probation and Parole were claiming that I was in a Federal Facility. At that time and all relevant times I remained housed at the Holmesburg County Jail.

The Pennsylvania Board of Probation and Parole lost jurisdiction over this matter when I waived my right to a full board hearing an said hearing was not held within the mandated one hundred and twenty (120) day period.

The examiner was in error in submitting to the record a request for continuation stating that I was in("Federal Prision"), because I was not in Federal Prision, I remained housed at the Holmesburg County Jail on March 15,1994.

I was legally within the jurisdiction and authority of the Pennsylvania Board of Probation and Parole while housed within the state in a county jail on March 15,1994.

EXHIBIT NO. 9-2

I have just completed a two (2) year Vocational Barber Course
which resulted in my receiving my California Barbers License
on November 20,1998. I have an interest in pursuing other edu-
cational and vocational schooling but I am prevented from doing
so because of this detainer.
I ask that you look into the facts as I have presented them an
follow the appropriate administrative procedures an release me
from the boards detainer.

Respectfully submitted for your information and action.

Sincerely

cc:file

EXHIBIT NO. 9-3



COMMONWEALTH OF PENNSYLVANIA
**Board of Probation and Parole**

P.O. Box 1661
3101 North Front Street
Harrisburg, PA 17105-1661
(717) 787-6134

June 20, 1994

TO:   Yonnie Bailey #46949-066                SCIG No. AS0266
      P.O. Box 1000                           Parole No. 7845T
      Lewisburg, PA  17837

FROM: Robert A. Largent
      Director
      Interstate Services

This will acknowledge your undated letter received on 5/27/94.

You are not available to the Board for your hearing until you are
returned to a state correctional institution.

Immediately upon return to that type of facility, advise the Board
so you can be scheduled for your hearing.

I trust this answers your inquiry.

RAL:slr

EXHIBIT NO. 10
An Equal Employment Opportunity Employer

Accredited by the Commission on Accreditation for Corrections/American Correctional Association