ORIGINAL

(12)
8-20-01
SC

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **YONNIE BAILEY,** | : | |
| **Petitioner** | : | |
| **v.** | : | **No. 1:CV-00-2184** |
| | : | **(Judge Caldwell)** |
| **JAKE MENDEZ,** | : | |
| **Respondent** | : | |

FILED
HARRISBURG, PA
AUG 17 2001
MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

**ANSWER OF THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE TO PETITION FOR WRIT OF HABEAS CORPUS**

The Pennsylvania Board of Probation and Parole (hereinafter the "Board"), by and through their attorney, the Attorney General of Pennsylvania, answers the writ of habeas corpus as follows:

A seriatim response is being dispensed with in the interest of clarity.

I. **The Petition Fails To State A Cause of Action**

1. Petitioner is Yonnie Bailey, an inmate at FCI-Allenwood, White Deer, Pennsylvania, who is currently serving a federal sentence. According to the Board's records, Bailey was convicted of robbery, use of a firearm during crime, and possession of a firearm by a convicted felon at Indictment No. 93-00386-01 in the

United States District Court for the Eastern District of Pennsylvania. On March 10, 1994, he was sentenced to 11 years imprisonment. (See Attachment "A").

2. Prior to his federal conviction, Bailey was serving a period of state parole following convictions before the Courts of Common Pleas of Philadelphia and Bucks Counties in 1998. In Philadelphia County at Docket No. 2140, 785, petitioner was sentenced to serve a minimum term of no less than one year, six months to no more than five years imprisonment for robbery. For the Bucks County offense, #1979-1987, petitioner was sentenced to serve a minimum of no less than five years to a maximum term of no more than ten years for simple assault, possession of an instrument of crime, recklessly endangering another person, robbery, and theft. The Pennsylvania Department of Corrections determined petitioner's aggregate sentence of no less than 6 years, 6 months to no more than 15 years to have a minimum expiration date of December 23, 1992 and a maximum date of June 23, 2001. (See Attachment "B").

3. On December 1, 1992, the Board determined that petitioner should be paroled upon the expiration of his minimum sentence. (See Attachment "C").

4. Thereafter on December 25, 1992, petitioner was released from state prison and began serving his period of state parole. (See Attachment "D").

5. On June 1, 1993, while on state parole, petitioner was arrested by federal officials for his involvement in the robbery of a jewelry store in Philadelphia which resulted in his federal conviction as explained in paragraph 1 of this Answer.

6. Pursuant to Pennsylvania law, any state parolee, who during the period of his or her parole, commits any crime punishable by imprisonment, for which he is found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the Board, be recommitted as a parole violator. See PA.STAT.ANN.tit. 61 §331.21a. As a result of his new federal conviction, the Board has lodged a detainer against petitioner with the Federal Bureau of Prisons. See 37 Pa.Code §71.1(e). Following completion of the federal sentence, the Board will determine whether Bailey should be recommitted to state prison as a convicted parole violator.

7. In his petition, Bailey contends that the Board's detainer should be quashed due to lack of jurisdiction. Specifically, he contends that the Board relinquished jurisdiction over him when it failed to hold a timely parole revocation hearing according to its rules. He does not allege that his incarceration is unlawful, however.

8. The Board acknowledges that it has adopted procedures for carrying out revocation hearing for inmates who have committed violations of state parole. Those

regulations are found in the Pennsylvania Code at Chapter 37 beginning with Section 71.1. Section 71.4 governs the procedures that shall be followed before a parolee is recommitted as a convicted violator for obtaining a new criminal conviction while on state parole. It is denied that any regulation has been violated.

9. Today, petitioner remains in custody of the Federal Bureau of Prisons. Only upon his release from federal custody will petitioner be available to state officials to conduct a revocation hearing. See Edwards v. PBPP, 751 A.2d 717, 719 (Pa.Cmwlth. 2000). The Board will then have 120 days to hold a revocation hearing for petitioner after his return to Pennsylvania's custody. See 37 Pa.Code §71.4(1)(i). The Board may lodge its detainer against petitioner, and commence parole revocation proceedings, upon petitioner's return to the Commonwealth after he has served his federal prison sentence. Edwards, supra. In light of the fact that petitioner is in federal custody, the Board is unable to conduct any revocation hearing at the present time. See Bellochio v. Pennsylvania Board of Probation and Parole, 559 A.2d 1024, 1026 (Pa. Cmwlth. 1989).

10. Relief pursuant to 28 U.S.C. §2241 is appropriate only where a prisoner is being held in violation of the Constitution or laws or treaties of the United States. There is no contention raised here that petitioner's custody violates any provision. Moreover, even if Pennsylvania has misapplied its administrative procedures (which

is has not), such violation does not mean that the procedures acquire a federal constitutional dimension. Slotnick v. Staviskey, 560 F.2d 31, 34 (1st Cir. 1977).[1]

WHEREFORE, the petition for writ of habeas corpus should be denied.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

By: [signature]
**SETH A. MENDELSOHN**
**Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief Litigation Section**

**Office of Attorney General**
**15th Floor, Strawberry Sq.**
**Harrisburg, PA 17120**
**Direct Dial: (717) 787-1194**
**Fax: (717) 772-4526**
**E-Mail: smendelsohn@attorneygeneral.gov**

**DATE: August 17, 2001**

---

[1]The Board also suggests petitioner has failed to exhaust state judicial remedies prior to seeking federal review. To this extent, the Board believes the petition should be considered as one filed pursuant to 28 U.S.C. §2254 and not section 2241. Section 2241 for federal prisoners challenges the execution of an inmate's sentence. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Bailey is not challenging the execution of his sentence. Therefore, petitioner was required to exhaust state remedies prior to seeking federal review. Id. at 488. There is no indication that petitioner has first attempted to raise these issues before the state courts of Pennsylvania. The petition should be dismissed for petitioner's failure to exhaust.

**ATTACHMENT "A"**

MAY 12 '94 16:13 FROM TO 7177722155 PAGE.002

COMMONWEALTH OF PENNSYLVANIA
BOARD OF PROBATION AND PAROLE
PBPP-257DR

# DISPOSITION REPORT

☒ BOARD PAROLE
☐ SP PROB/PAROLE
☐ OTHER STATE PAROLE
☐ OTHER STATE PROB

| CLIENT NAME (Last, First, Middle Initial) | PAROLE NO. | SID NO. | INST & NO. |
|---|---|---|---|
| BAILEY, Yonnie | 7845-T | PP #594 974 | SCIG #AS-0266 |

## COURT OF RECORD

| | | | |
|---|---|---|---|
| DATE OF ARREST: 6/1/93 | ARREST #: 1 | DATE OF ARREST | ARREST # |
| DATE OF ARREST | ARREST # | | |

| | | |
|---|---|---|
| COUNTY/INDICTMENT NO./CHARGES: U.S. District Court Eastern District of PA 93-00386-01 Robbery, Use of a Firearm Possession of a Firearm | COUNTY/INDICTMENT NO./CHARGES | COUNTY/INDICTMENT NO./CHARGES |
| DATE BAIL POSTED: N/A / DATE BAIL REVOKED: | DATE BAIL POSTED / DATE BAIL REVOKED | DATE BAIL POSTED / DATE BAIL REVOKED |
| JUDGE: Norman L. Shapiro | JUDGE | JUDGE |
| VERDICT & DATE: Guilty-9/7/93 | VERDICT & DATE | VERDICT & DATE |
| CONV. OFFENSE & SEVERITY: Robbery; Use of a Firearm, Possession of a Firearm | CONV. OFFENSE & SEVERITY | CONV. OFFENSE & SEVERITY |
| VERIFICATION DATE: 4/7/94 | VERIFICATION DATE | VERIFICATION DATE |
| SENTENCE DATE: 3/10/94 | SENTENCE DATE | SENTENCE DATE |
| EFFECTIVE SENTENCE DATE: | EFFECTIVE SENTENCE DATE | EFFECTIVE SENTENCE DATE |
| SENTENCE: 11 Years | SENTENCE | SENTENCE |
| INSTITUTION OF SENTENCE: U.S. Penitentiary Lewisburg | INSTITUTION OF SENTENCE | INSTITUTION OF SENTENCE |

DETAILS OF CONVICTION (Include official version and circumstances of offense(s) which led to a conviction in a court of record and any plea bargai information - use attached sheet if necessary)

On 9/7/93, the above captioned individual appeared before the Honorable Norma L. Shapiro in U.S. District Court, for the Eastern District of Pennsylvania and pled guilty to a thre count indictment, #93-00386-01, charging him with Interference With Commerce by Robbery, Use of a Firearm During a Crime of Violence, and Possession of a Firearm by a Convicted Felon.

Agent spoke to Mr. R. Largent, Interstate Serv. and he requested that case be forwarded to his office. Client is in Federal custody.

**RECOMMENDATION:** CONTINUE UNDER SUPERVISION ☐ RECOMMIT/REVOKE ☒ TECH. VIOLATION(S) CHARGED ☐ YES ☐ NO

REASON(S)

Due to the serious nature of the crime.

REVOCATION HEARING SCHEDULED YES ☐ NO ☐ OPEN CHARGES YES ☐ NO ☐

| AGENT NAME/SIGNATURE/DATE | SUPERVISOR NAME/SIGNATURE/DATE | OFFICE NAME: |
|---|---|---|
| Larry Doriety [signature] | C.E. Rich | PHILA. #01 rms sub:4/26;typ:4/26/9 |

**ATTACHMENT "B"**



FORM DC-16D

## SENTENCE STATUS SUMMARY

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
Replaces form JBC-16C which may be used

### 1. SENTENCE SUMMARY

Class of Sentence: ☐ DEFINITE ☐ INDEFINITE ☐ GENERAL ☐ LIFE ☐ COMMUTED LIFE ☐ EXECUTION

| Date | County | Number, Term Court, Indictment | Type Sent | Minimum Y | Minimum M | Minimum D | Maximum Y | Maximum M | Maximum D | Judge | Offense | Offense Tracking Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01-15-88 | BUCKS | 1979-1987 | | 5 | – | – | 10 | – | – | M. KANE | S/ASSLT, PIC, REAP ROBBERY, THEFT | B704439 |
| 6-30-88 | Philadelphia | CP#2140,7/85 | CS | 1 | 6 | | 5 | | | Paul Silverstein | Robbery | M233623 |
| 6-30-88 | Philadelphia | CP#2139,7/85 | CC | 1 | 6 | | 5 | | | Paul Silverstein | Consp. | |
| 6-30-88 | Philadelphia | CP#980,1/87 | CC | 1 | 6 | | 5 | | | Paul Silverstein | Robbery | N/A |

| Continued From DC# | Plea | Total Sentence: | Y | M | D | Y | M | D | Commitment Credit |
|---|---|---|---|---|---|---|---|---|---|
| | NOT GUILTY | | 6 (~~5~~) | 6 (–) | – | 15 (~~10~~) | – | – | |

| Fines | Costs | Restitution |
|---|---|---|
| | | |

Summary or Remarks on Sentence
CP#2137,2138,7/85 Nol. Pros.
CP#981,982,983,984,1/87 Nol. Pros.
SSN: 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

### 2. DATES SECTION

| Item | Original | Change #1 (#1979/2140) | Change #2 (1979/2140) | Change #3 | Change #4 | Change #5 |
|---|---|---|---|---|---|---|
| DATE OF RECEPTION | 01-19-88 | 1-19-88 | 1-19-88 | | | |
| EFFECTIVE DATE | 12-31-86 | 12-31-86 | 6-23-86 | | | |
| EXPIRATION OF MINIMUM | 12-31-91 | 6-30-93 | 12-23-92 | | | |
| EXPIRATION OF MAXIMUM | 12-31-96 | 12-31-2001 | 6-23-2001 | | | |
| EFFECTIVE DATE - PV | X X X X X | | | | | |
| DELINQUENT TIME | X X X X X | | | | | |
| BACKTIME | X X X X X | | | | | |
| NEW MAXIMUM - PV | X X X X X | | | | | |
| SENTENCE CHANGE | X X X X X | 7-1-88 | 2-18-92 | | | |
| BASIS FOR CHANGE | X X X X X | Aggregated Sentence | Rec'd Added Comm. Time | | | |
| NEW SENTENCE | X X X X X | 6½-15y | | | | |

| 1st Release Method—Inst.—Date | 2nd Release: Method—Inst.—Date | 3rd Release: Method—Inst.—Date | 4th Release: Method—Inst.—Date |
|---|---|---|---|
| 4 | | | |

### 3. REFERENCES AND IDENTIFICATION

| 1st Admission: Inst.—Date | 2nd Admission: Inst.—Date | 3rd Admission: Inst.—Date | 4th Admission: Inst.—Date |
|---|---|---|---|
| SDIG1 01-19-88 | SDIP5 01-22-88 | SCIG 3-24-88 | |

| Prosecuting Police Department | Place of Birth | Date of Birth | Marital Status | R-S |
|---|---|---|---|---|
| MIDDLETOWN TWP. | PHILADELPHIA, PA. | 08-22-63 | SGL. | N/M |

| DC Number | PBPP Number | SID Number | Name | ☐ TN ☐ ALIAS |
|---|---|---|---|---|
| S-0266 | | | BAILEY, YONNIE | |

(OVER) JUAN DEVERO (TRUE NAME)

**ATTACHMENT "C"**

OTICE OF BOARD DECISION
BPP-15 (6/92)

# COMMONWEALTH OF PENNSYLVANIA
# PENNA. BOARD OF PROBATION AND PAROLE

DATE: 121492

CLIENT NAME: YONNIE BAILEY PAROLE NO: 7845T

INSTITUTION: STATE CORRECTIONAL INSTITUTION GRATERFORD INSTITUTION NO: AS0266

AS RECORDED ON 120192 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

- PAROLE 12-23-92 TO AN APPROVED PLAN, UPON THE CONDITION THERE ARE NO MISCONDUCTS, ALL REQUIREMENTS OF ACT 97 OF 1989 ARE MET, AND REMAIN INVOLVED IN REQUIRED PROGRAMS.

YOU MUST SUBMIT TO URINALYSIS TESTING.
YOU SHALL PAY A MONTHLY SUPERVISION FEE OF $25.00 TO THE PAROLE BOARD WHEN UNDER SUPERVISION WITHIN THE COMMONWEALTH OF PENNSYLVANIA (ACT 35 OF 1991).

(MWS 12--4-92)

MAX. 6-23-2001.




CC: CONTROL COPY

James W. Riggs
JAMES W. RIGGS
BOARD SECRETARY

FILE COPY

**ATTACHMENT "D"**



Pennsylvania Board of Probation and Parole
PBPP-10(rev 3/88)

ORDER TO RELEASE ON PAROLE/REPAROLE

The Pennsylvania Board of Probation and Parole hereby grants parole/reparole to the prisoner named and on the sentences described below. It further ordered that he/she be released on the date indicated below, subject to Board approval of a satisfactory plan and to the Conditions Covering Parole/Reparole (PBPP-11) and upon condition that he/she commits no misconducts or crimes, and that no evidence of past crimes or mental illness, previously undiscovered, comes to light.

| Name of Prisoner | ParNo. | Inst.No. | Authorized Date of Release |
|---|---|---|---|
| ONNIE BAILEY | 7845T | AS0266 | 12-23-92 * |

Place of Confinement: STATE CORRECTIONAL INSTITUTION GRATERFORD

Date of Return (Reparole Cases Only):

| | County | Date of Sentence(s) | Tp | Term(s)/Indictment Number(s) | OTN(s) | Offense(s)/Charge(s) |
|---|---|---|---|---|---|---|
| . | PHILAD | 01/15/88 | CC | CP 870001979 | | S. ASLT;PIC;REAP |
| . | PHILAD | | | | | THEFT;ROBBERY |
| . | PHILAD | 06/30/88 | CS | CP 850702140 | | ROBBERY |
| . | PHILAD | 06/30/88 | CC | CP 870102139 | | CONSP. |
| . | PHILAD | 06/30/88 | CC | CP 870100980 | | ROBBERY |

| Judge(s) | Term(s) of Sentence(s) | | Expiration Dates Minimum | Maximum |
|---|---|---|---|---|
| . ALAN K. SILBERSTEIN | 6YR 6MO | 15YR | 12/23/92 | 06/23/01 |
| MILDRED J. KANE | | | | |

* TO AN APPROVED PLAN, UPON THE CONDITION THERE ARE NO MISCONDUCTS, ALL REQUIREMENTS OF ACT 97 OF 1989 ARE MET, AND REMAIN INVOLVED IN REQUIRED PROGRAMS.

RECEIVED JAN 12 1993 Pa. Board of Probation and Parole

Signed this 14th day of December, 1992 at Harrisburg, PA

PENNSYLVANIA BOARD OF PROBATION AND PAROLE

James W. Riggins

Board Chairman
SEAL

SID 00000001

Actual Date of Release 12-25-92

Pennsylvania Board of Probation and Parole
PBPP-11 (Rev. 7/91)

## CONDITIONS GOVERNING PAROLE/REPAROLE

To: Yonnie Bailey Parole No. 7845T

1. Report in person or in writing within 48 hours to the district office or sub-office listed below, and do not leave that district without prior written permission of the parole supervision staff.
   Phila. District Office
   1400 Spring Garden Street 14th Floor
   Phila., Penna. 19130
   Report on 12-28-92 by 12:00 Noon

2. Your approved residence is listed below and may not be changed without the written permission of the parole supervision staff.
   1448 Etting Street
   Phila., Penna. 19121

3. Maintain regular contact with the parole supervision staff by:
   a. reporting regularly as instructed and following any written instructions of the Board or the parole supervision staff.
   b. notifying the parole supervision staff within 72 hours of: (l) your arrest; or (2) your receipt of a summons or citation for an offense punishable by imprisonment upon conviction; and
   c. notifying the parole supervision staff within 72 hours of any change in status, including, but not limited to, employment, on-the-job training, and education.

4. Comply with all municipal, county, state and Federal criminal laws, as well as the provisions of the Vehicle Code (75 Pa. C.S. § 101 et seq.) and the Liquor Code (47 P.S. § l-l0l et seq.)

5. You shall:
   a. abstain from the unlawful possession or sale of narcotics and dangerous drugs and abstain from the use of controlled substances within the meaning of the Controlled Substance, Drug, Device, and Cosmetic Act (35 P.S. § 780-101 et seq.) without a valid prescription;
   b. refrain from owning or possessing any firearms or other weapons; and
   c. refrain from any assaultive behavior.

6. You shall pay fines, costs, and restitution imposed on you by the sentencing court. You shall establish with appropriate county authorities within thirty (30) days of your release from prison a payment schedule for the fines, costs and restitution owed for those cases for which you are now on state parole. Thereafter, you shall:
   a. pay these obligations according to the established payment schedule or as ordered by the court;
   b. provide proof of such payment to parole supervision staff; and
   c. keep the parole supervision staff and the court informed of any changes in your financial ability to pay fines, costs and restitution.

7. You shall comply with the special conditions listed on page 2 imposed by the Board and with special conditions imposed by the parole supervision staff.

Additionally, should problems arise, or questions occur concerning the conditions of your parole/reparole, consult with the parole supervision staff, and they will help you in the interpretation of the Conditions of Parole/Reparole.

If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges.

If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such time as may be specified by the Board.

If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

If you think that any of your rights have been violated as a result of your parole supervision, you may submit a timely complaint in writing, first to the district director of the district office through which you are being supervised. If your complaint is not resolved to your satisfaction, you may then submit your complaint in writing to the Pennsylvania Board of Probation and Parole, Director of Supervision, P.O. Box 166l, Harrisburg, Pennsylvania 17105-1661.

In consideration of being granted the privilege of parole/reparole by the Pennsylvania Board of Probation and Parole, I hereby agree that:

if I am ever charged with a parole violation arising out of my conduct while in a jurisdiction other than the Commonwealth of Pennsylvania, the revocation of my parole for that violation may be based solely on documentary evidence and I hereby waive any right to confront or cross-examine any person who prepared any such documentary evidence or who supplied information used in its preparation;

I expressly waive extradition to the Commonwealth of Pennsylvania from any jurisdiction in or outside of the United States, where I may be found, and I shall not contest any effort by any jurisdiction to return me to the United States or to the Commonwealth of Pennsylvania; and

I expressly consent to the search of my person, property and residence, without a warrant by agents of the Pennsylvania Board of Probation and Parole. Any items, in the possession of which constitutes a violation of parole/reparole shall be subject to seizure, and may be used as evidence in the parole revocation process.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **YONNIE BAILEY,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **No. 1:CV-00-2184** |
| | : | **(Judge Caldwell)** |
| **JAKE MENDEZ,** | : | |
| | : | |
| **Respondent** | : | |

**CERTIFICATE OF SERVICE**

I, Seth A. Mendelsohn, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Answer of the Pennsylvania Board of Probation and Parole to Petition for Writ of Habeas Corpus, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Yonnie Bailey, #46949-066
USP Allenwood
White Deer, PA 17887

Matthew E. Haggerty
Asst. U.S. Attorney
228 Walnut St., Suite 220
P. O. Box 11754
Harrisburg, PA 17108-1754

Seth A. Mendelsohn

**SETH A. MENDELSOHN**
**Deputy Attorney General**

**DATE: August 17, 2001**