Yonnie Bailey
Fed. #46949-066
U.S. Penitentiary
P.O. Box 3000
White Deer, Pa. 17887

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG
AUG 3 0 2001
MARY E. D'ANDREA, CL
Per_____
DEPUTY CLERK

YONNIE BAILEY,              :    CIVIL NO. 1:CV-00-2184
                            :
        PETITIONER PRO SE   :    JUDGE CALDWELL
                            :
VS.                         :    PETITIONER'S REPLY TO THE
                            :    RESPONDENT PENNSYLVANIA BOARD
JAKE MENDEZ                 :    OF PROBATION AND PAROLE' SUP-
WARDEN USP ALLENWOOD        :    PLEMENTAL BRIEF
P.O. BOX 3500               :
WHITE DEER, PA. 17887       :

COMES NOW your petitioner, Yonnie Bailey, and respectfully files his reply to the Pa. Board of Probation and Parole's(Pa.Bd.PP) brief. This reply is submitted pursuant to the Court's order dated July 24, 2001; and provisions of Haines vs. Kerner, 404 U.S. 519.

To the best of petitioner's knowledge the supplemental brief of the Board was filed on or about August 17, 2001, the only date indicated on petitioner's copy of the brief. Thus petitioner's reply must be held timely within fifteen days of that date.

I

THE PA. BD.PP ALLEGES THAT PETITIONER
BAILEY FAILS TO STATE A CAUSE OF ACTION

Paragraphs 1 thru 8 of the respondent's supplemental brief are rhetorical and raise no new issues of fact relevant to this matter.

1

In paragraph 9 of their brief the Pa.Bd.PP allege that because petitioner, today, is in the custody of the Federal Bureau of Prisons that "only upon his release from federal custody will petitioner be available to state officials to conduct a revocation hearing. See Edwards v. PBPP, 751 A.2d 717, 719 (Pa. Commonwealth 2000). The Board will then have 120 days to hold a revocation hearing ... after he has served his federal prison sentence. Edwards Supra. In light of the fact that petitioner is in federal custody, the Board is unable to conduct any revoaction hearing at the present time. See Bellochio v. Pennsylvania Board of Probation and Parole, 559 A.2 1024, 1026 (Pa.Cmwlth.1989).

In reply to the above statement of the respondent petitioner wishes to first point out that Bellochio, supra, does not apply because petitioner maintains his revocation hearing should have been held while he was being held in the county facility. Petitioner is not maintaining that the Board should now hold a revoaction hearing. Instead petitioner maintains that the Board has lost jurisdiction and should be ordered to lift it's detainer. Secondly, Edwards supra, is not applicable to the particulars of this cause of action. Petitioner enumerates why as follows:

a.  In Edwards the petitioner had been in federal pretrial detention and then as a convicted federal prisoner serving a sentence since his initial arrest; and neither of the Boards parole warrants had been duly executed. In contrast petitioner Bailey was arrested on June 1, 1993, while visiting his parole officer. On July 8, 1993, the Pa.Bd.PP lodged its detainer against petitioner. On January 13, 1994, a parole supervisor visited him at the Holmesburg Co. Jail who

2

executed the violator warrant against Bailey.

    b.    Also in Edwards case he attempted to inform the Board Chairman of his incarceration by mail and of his desire to waive his right to a full hearing by the Board. The Board contended that his letter did not constitute an official waiver triggering the 120 day period for a revocation hearing. In the instant cause of action the Board received official notification of Bailey's arrest and guilty plea from the court which led to the parole supervisor visiting him and executing the warrant against Bailey. While he was there visiting Bailey, he asked Bailey to waive his right to a full hearing which Bailey did; which triggered the 120 day time limit for holding a revocation hearing in this matter. This act triggered the 120 day time period and the parole supervisor set a revocation hearing date for March 15, 1994. On March 15, 1994, petitioner Bailey was still being held in the county jail, although the Board held other hearings that day, they did not give petitioner a revocation hearing; nor did they set a new date for the hearing., which would have maintained petitioner's presence until then in the county jail.

    c.   Edwards supra, 719 (ii) states "A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the Rambeau decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver".

    d.    Petitioner Bailey was detained on a Pa.Bd.PP warrant by state authorities and housed in a county correctional facility. The

parole violator <u>warrant was duly executed by a Pa.Bd.PP supervisor and petitioner Bailey signed a waiver of the full panel. These acts triggered the 120 day time limit which led to the parole supervisor setting a hearing date for Bailey of March 15, 1994.</u> The facts of petitioners cause of action fit squarely within the walls of the Rambeau decision above.

In not hearing petitioner Bailey on March 15, 1994, the Board made a wrongful decision, which violated petitioner's right to due process; and was an abuse of their authority.

II

RESPONDENT STATES "RELIEF PURSUANT TO 28 USC §2241
IS APPROPRIATE ONLY WHERE A PRISONER IS BEING HELD
IN VIOLATION OF THE CONSTITUTION OR LAWS OR TREATIES
OF THE UNITED STATES"

The respondent makes the above allegation in paragraph 10 of its brief; intentionally misquoting the provisions of Title 28 USC Section § 2241. The above statement of the respondent would come correctly under Title 28 USC Section § 2254. In Waletzki vs. Keohane, 13 F.3d 1079 (1994), the court ruled that habeas corpus is available to challenge the duration as well as the fact of custody and the conditions of ones incarceration. The actions of the Pa. Bd.PP were not only in violation of the statutory requirements and petitioner's right to due process and equal treatment; but they put petitioner at an inherent risk of lengthier incarceration.

The Board goes on to cite Slotnick v. Statviskey, 560 F.2d 31, (1997) with a footnote suggesting that:(1) petitioner failed to exhaust state judicial remedies prior to seeking federal review; (2)

4

the Board believes that the petition should be considered as a §2254 and not section §2241; (3) and the Board claims petitioner did not attempt to raise these issues before the state courts.

In reply to the Boards claims petitioner respectively states: (1) Evidence of petitioners exhaustion of state judicial remedies are enumerated on page 5 of the Original Petition For Writ Of Habeas Corpus, and are adopted for the purpose of reply by reference now. (2) The Boards suggestion that the court convert petitioners pleading from a 2241 to a 2254 for purposes of denying the petition is prohibited, See Eric Adams v. U.S., 155 F.3d 582. The court may however, interpret petitioners petition in the light most favorable to him as a pro se lititgant. (3) The exhaustion requirement is satisfied if the petitioner fairly presented the federal constitutional claim to the highest state court, See Levine v. Comm. Corr. Services, 44 F.3d 121 (2nd Cir. 1995). "The doctrine of exhuastion is not jurisdictional", See Hernandez v. Starbuck, 69 F.3d 1089 (10th Cir 1995). The denial of petitioner's mandamus by the Supreme Court of Pennsylvania on December 13, 1999, completed his exhaustion of state judicial remedies.

### III

### CONCLUSION

Petitioner has met all of the factual, jurisdictional and procedural requirements for the issuance of the requested writ to the Pennsylvania Board of Probation and Parole. All of the Boards objections in the nature of a demurer and all of the alleged procedural defects alleged by the Board are unsustained and without merit.

Therefore, the court is asked to issue an order to the Board requiring the Board to lift its detainer against petitioner, with

prejudice.

Respectfully submitted,

Yonnie Bailey, pro se

*Yonnie Bailey*

CERTIFICATE OF SERVICE AND MAILING

I do hereby certify that I have placed in the institutional mail collection box a true copy of the aforegoing Plaintiff's Reply to the Respondent Pa. Board of Probation and Parole's Supplemental Brief, addressed to Seth A. Mendelson, Deputy Attorney General, 15th Floor, Strawberry Square, Harrisburg, Pa. 17120, postage prepaid, this 28th day of August, 2001.

Yonnie Bailey

*Yonnie Bailey*

VERIFICATION

The aforegoing statements and submissions are submitted under penalty of perjury pursuant to the laws of the United States and the State of Pennsylvania.

Yonnie Bailey

*Yonnie Bailey*